## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAVIER DEL RIO, COLIN MEUNIER, and AARON DELAROCHE, on behalf of themselves and other similarly situated Employees,<br><br>        Plaintiffs,<br><br>  v.<br><br>AMAZON.COM SERVICES, INC., AMAZON.COM.DEDC, LLC, and AMAZON.COM, INC.,<br><br>        Defendants. | Civil Action No.: _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Amazon.com Services LLC (sued herein incorrectly as Amazon.com Services, Inc.), Amazon.com.dedc, LLC, and Amazon.com, Inc. (referred to collectively as "Defendants"), by and through undersigned counsel, hereby give notice that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, this action is removed from the State of Connecticut, Superior Court at Hartford, to the United States District Court for the District of Connecticut.  As the basis for removal, Defendants state as follows:

## I.    THE STATE COURT CASE

1.    On July 28, 2021, Plaintiffs Javier Del Rio, Colin Meunier, and Aaron DeLaRoche (referred to collectively as "Plaintiffs") served their Class Action Complaint (the "Complaint") on Defendants, that was previously filed in the State of Connecticut, Superior Court at Hartford (Docket No. HHD-CV-21-6145316-S).[1]  A true and correct copy of the Complaint, Affidavits of

---

[1]  Defendants do not concede, and in fact, reserve the right to contest Plaintiffs' allegations that this lawsuit properly can proceed as a class action.

Service, Summons, and Continuation of Parties, are attached hereto respectively as **Exhibits A-D**.

2.      Defendants have not been served with any other process, pleadings, or orders. Accordingly, **Exhibits A-D** constitute all processes and pleadings in this action and satisfy the requirements of 28 U.S.C. § 1446(a).

3.      In the Complaint, Plaintiffs claim that they were employed by Defendants at Amazon warehouses in Windsor and North Haven, Connecticut.[2] **Exhibit A**, Complaint, ¶¶ 8-10.

4.      Plaintiffs allege that Defendants own ten "fulfillment centers," "delivery stations," and "sorting centers" in Connecticut, employing over 10,000 workers since April 16, 2018.[3] **Exhibit A**, Complaint, ¶¶ 7, 11, 14, and 32.  Plaintiffs allege that they, along with 10,000 putative class members, were required by Defendants to go through a mandatory security screening process prior to leaving the Amazon facilities at the end of their shift, or for their break, and that Defendants failed to compensate them for the time spent waiting for and going through the screening process. *See id*., at ¶¶ 15-28.  Plaintiffs further claim that the time spent waiting for and going through the end-of-shift security screening process "routinely took up to between 10 and 20 minutes for Plaintiffs and the putative class members to complete, and, with delays, it could take over 20 minutes." *Id*., at ¶ 21.

5.      Plaintiffs also allege on behalf of themselves and the putative class members that Defendants have automatically deducted a 30-minute meal break from their compensable time each shift for a meal break, and required them to remain at their work stations within the facility until the start of the unpaid meal period. *Id.* at ¶¶ 23-24.  Plaintiffs claim that Defendants failed to

---

[2]  Defendants deny that Amazon.com Services, Inc., Amazon.com.dedc, LLC, and Amazon.com, Inc. were all employers of Plaintiffs during the relevant time period for this case.
[3]  For the purposes of removal, Defendants assume that this allegation is as alleged in Plaintiffs' Complaint. However, Defendants reserve the right to dispute this allegation, as well as any and all allegations in Plaintiffs' Complaint, and specifically denies many of the factual assertions made by Plaintiffs.

pay them for the time spent waiting for and going through this mandatory security screening during their unpaid meal periods, which Plaintiffs contend usually takes 7 to 10 minutes for Plaintiffs and the class to complete, and, with delays, it can take over 10 minutes. *Id.* at ¶ 27.

6.      Plaintiffs seek: (a) "straight time at 'twice the full amount of such wages...'"; (b) "overtime at 'twice the full amount of such minimum wage or overtime wage less any amount actually paid...'"; (c) attorneys' fees pursuant to C.G.S. §§ 31-68 and 31-72; (d) penalty damages pursuant to C.G.S. §§ 31-68 and 31-72; (e) interest pursuant to C.G.S. § 37-3a at the rate of 10% per annum; (f) costs; and (g) any and all other relief as the court deems just and proper. *Id.* at ¶ 21, Demand for Relief.

7.      Plaintiffs seek to recover "millions of dollars in wages" that purportedly should have been paid to Plaintiffs and the putative class, who worked as hourly, non-exempt warehouse workers in Connecticut. *Id.* at ¶¶ 3, 30. Plaintiffs further contend that the relevant period for this lawsuit (which they admit would ordinarily be two years under Connecticut law) is three years, three months, and eleven days, starting on April 16, 2018, until the date of final judgment in this matter based upon Connecticut's COVID Executive Orders. *Id.* at ¶ 13.

## II.    <u>REMOVAL IS TIMELY</u>

8.      Defendants have timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b)(1), which provides that a notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

9.      As noted above, Defendants were served with the Summons and Complaint on July 28, 2021. ***See* Exhibit B**, Affidavits of Service. Accordingly, Defendants are timely filing this Notice of Removal on or before August 27, 2021.

10.     No previous Notice of Removal has been filed with this Court for the relief sought herein.

**III.     GROUNDS FOR REMOVAL**

11.     This action is removable pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

12.     This Court's subject matter jurisdiction, and the basis for removal, is founded upon 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**IV.     BASIS FOR ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA**

13.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), as codified in relevant part in 28 U.S.C. 1332(d)(2).

14.     CAFA allows for federal subject matter jurisdiction over any civil class actions in which: (a) any member of a class of plaintiffs is a citizen of a State different from any defendant; (b) the aggregate number of putative class members in all proposed plaintiff classes is at least 100; and (c) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2)(A); 1332(d)(5).

15.     To be clear, Defendants deny Plaintiffs' claims and allegations in the Complaint, the legal theories upon which they are purportedly based, their request for monetary and other relief, and any notion that this case may proceed as a class action.  However, all requirements for jurisdiction under CAFA have been met, as explained below.  As such, this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332(d)(2).

A.      **Diversity Exists Between Plaintiffs and Defendants**

16.     Under CAFA, diversity is established for purposes of removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969).

17.     Here, Plaintiff Del Rio admits in the Complaint that he resides in New Haven, Connecticut, and further claims that he worked for Defendants as a "[p]acker at their North New Haven, Connecticut facility from November 2020 to April 2021." *See* **Exhibit A**, Complaint, ¶ 8. Therefore, Plaintiff Del Rio should be considered a citizen of Connecticut.  Indeed, business records indicate that his last known home address is 229 Greenwich Avenue, New Haven, Connecticut 06519.  *See* **Exhibit E**, Declaration of Emily Kidder, ¶ 4.

18.     Plaintiff Meunier admits that he currently resides in Royal Oak, Michigan, but contends that he previously worked at Defendants' Windsor, Connecticut warehouse from May 29, 2018 to July 10, 2019.  **Exhibit A**, Complaint, ¶ 9.  The records show that his last known home address is 10 Dartmouth Street, Enfield, Connecticut 06082.  *See* **Exhibit E**, Declaration of Emily Kidder, ¶ 5.  Accordingly, Plaintiff Meunier should be considered a citizen of Michigan or Connecticut for the purposes of this lawsuit.

19.     Plaintiff DeLaRoche admits that he presently resides in Granby, Connecticut, and purports to have previously worked at Defendants' Windsor, Connecticut facility from November 2019 until April 2021.  **Exhibit A**, Complaint, ¶ 10.  Records indicate that his last known address is 1 Brookside Drive, Granby, Connecticut 06035.  *See* **Exhibit E**, Declaration of Emily Kidder, ¶ 6.  Thus, Plaintiff DeLaRoche should be considered a citizen of Connecticut.

20.     Pursuant to 28 U.S.C. § 1332(c) and 1332(d)(10), a corporation or unincorporated association is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is incorporated or organized.  Thus, for purposes of a CAFA removal, a limited liability company's citizenship is treated in the same manner as a corporation's citizenship under traditional diversity standards.

21.     To determine a corporation's principal place of business, the courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).   In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92-93.  In other words, Defendants' principal place of business is where its officers direct, control, and coordinate its activities. *Id.*

22.     For the case at hand, Defendants are headquartered in Seattle, Washington.  ***See Exhibit F***, Declaration of Desmond Eppel, ¶¶ 4-6.

23.     Defendant Amazon.com.dedc, LLC formerly was a limited liability company organized and existing under the laws of the State of Delaware. It was headquartered in Seattle, Washington. It merged into Amazon.com Services, Inc. on January 1, 2019. *Id.*, at ¶ 4.

24.     Defendant Amazon.com Services, Inc.'s successor, Amazon.com Services LLC, is a limited liability company organized and existing under the laws of the State of Delaware. It is headquartered in Seattle, Washington.  *Id.*, at ¶ 5.

25.     Defendant Amazon.com, Inc. is a corporation formed and existing under the laws of the State of Delaware, with headquarters in Seattle, Washington.  *Id.*, at ¶ 6.

26.     Based on the foregoing, diversity exists between Plaintiffs and Defendants. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

B.      **There Are More Than 100 Putative Class Members**

27.     The CAFA requirement of 100 or more putative class members is met in this case. *See* 28 U.S.C. § 1332(d)(5)(B).

28.     Plaintiffs allege Defendants have employed more than 10,000 employees working at their ten "fulfillment centers," "delivery stations," and "sorting centers" in Connecticut since April 16, 2018, who were subject to the challenged pay practices.  **Exhibit A**, Complaint, ¶¶ 7, 14, 32.   Accordingly, even Plaintiffs' own allegations in the Complaint indicate that there would be more than 100 putative class members.

29.     Plaintiffs purport to assert claims on behalf of a putative class of "[a]ll current and former employees of Defendants who were employed as hourly, non-exempt warehouse workers at any time from April 16, 2018 through the date of final judgment in this matter."  **Exhibit A**, Complaint, ¶ 30.

30.     CAFA's requirement of 100 or more putative class members is easily satisfied in this case.

C.      **The Amount in Controversy Exceeds $5,000,000**

31.     Although Plaintiffs' Complaint does not identify a specific amount of damages, Plaintiffs' allegations alone are enough to show that the amount in controversy at issue in this case far exceeds the jurisdictional minimum of $5,000,000.[4]

---

[4]  Defendants dispute, and reserve the right to contest, that any amount is owed either to Plaintiffs or to the putative class members that they seek to represent.  However, Plaintiffs' allegations in the Complaint satisfy the amount in controversy requirement for the purpose of removal under CAFA.

32.    The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

33.    The United States Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553. There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Colavito*, 438 F.3d at 221 (quoting *Wolde–Meskel*, 166 F.3d at 63.).

34.    Congress has stated that "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." *See* S. REP. 109-14, at 42 (2005) (citation omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994) ("Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings."); *see Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) ("[E]ven where [the] allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted."). Indeed, the case should only be remanded if it appears to a "legal certainty" that the plaintiff cannot recover the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938); *see also Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070–71 (2d Cir. 1996) ("[T]he legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim.").

35.     Courts have noted that, at this stage, for the purposes of assessing whether the $5,000,000 amount in controversy has been met, it is reasonable to calculate class damages by extrapolating from the named-plaintiff's assumed damages.  *See Hart v. Rick's NY Cabaret Int'l, Inc.*, 967 F. Supp. 2d 955, 962 (S.D.N.Y. 2014) (calculating the amount in controversy for CAFA jurisdiction by calculating named-plaintiff's damages, and then extrapolating this information to yield aggregate class damages); *Manson v. GMAC Mortg., LLC*, 602 F.Supp.2d 289, 294 (D. Mass. 2009) (multiplying the class size by named-plaintiff's estimated damages to calculate amount in controversy); *Wexler v. United Air Lines, Inc.*, 496 F.Supp.2d 150, 155 (D.D.C. 2007) (explaining that to determine the CAFA amount in controversy, "the average class member's claim is multiplied by the number of class members").

36.     The Court's decision in *Hart* is instructive.  There, the Court noted that calculating the named-plaintiff's damages, and multiplying this amount across class members was appropriate to determine whether the $5,000,000 amount in controversy requirement had been met pursuant to CAFA.  *Hart*, 967 F. Supp. 2d at 961.  The Court explained "to be sure, not every class member will be entitled to damages equal to [named-plaintiff] … some may be entitled to more, and others less—but … plaintiffs are not required at this stage to conclusively establish total damages."  *Id*. The Court went on to explain that it is reasonable to "calculate class damages by extrapolating from [named-plaintiff's] assumed damages, and this extrapolation yields aggregate damages so far in excess of $5 million as to make it a *reasonable probability* that class-wide damages will exceed the statutory threshold."  *Id*.

37.     Here, as a starting point, Plaintiffs allege that as a result of requiring Plaintiffs and the putative class of hourly, non-exempt warehouse workers to wait for and go through mandatory

security screening process after clocking out since April 16, 2018, "Defendants retained millions of dollars in wages that should have been paid to the class." **Exhibit A**, Complaint, ¶¶ 2-3, 30.

38.     Specifically, Plaintiffs contend Defendants violated the Connecticut Minimum Wage Act ("CMWA") by not compensating Plaintiffs and the putative class during an end-of-shift screening process that Plaintiffs allege "routinely took up to between 10 and 20 minutes for Plaintiffs and the class to complete, and, with delays, it could take over 20 minutes." **Exhibit A**, Complaint, ¶ 21. Plaintiffs further allege that Defendants violated the CMWA by not compensating Plaintiffs and the putative class for the time spent waiting for and going through the screening process during meal breaks that "usually takes 7 to 10 minutes for Plaintiffs and the class to complete, and, with delays, it can take over 10 minutes." *Id*. at ¶ 27.

39.     Taken together (i.e. the end-of-shift and meal break times combined), Plaintiffs claim that they, along with the putative class, are entitled to compensation for 17 to 30 plus minutes, and possibly more, of uncompensated time for every day they worked in a Connecticut facility.   Conservatively assuming a 3-day workweek, this would amount to at least 51 to 90 minutes per week, with the median being at least 70.5 minutes per week (1.175 hours).

40.     The Complaint alleges Plaintiffs and the putative class members are entitled to:

straight time at 'twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court' pursuant to C.G.S. § 31-72, and for overtime at 'twice the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court,' C.G.S. § 31-68.

**Exhibit A**, Complaint, ¶ 38.   Moreover, Plaintiffs seek statutory damages, including penalty damages under C.G.S. §§ 31-68 and 31-72, which are included for the purposes of calculating the amount in controversy.   *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006).

41.     For the purposes of calculating the named-plaintiff's damages, Defendants' payroll and personnel records indicate as follows at the time of termination:

- Plaintiff Del Rio worked from November 16, 2020 to April 17, 2021 (approximately 22 weeks); was paid $15.75 per hour, plus a shift differential of $2.40 per hour;

- Plaintiff Meunier worked from May 29, 2018 to July 11, 2019 (approximately 59 weeks); was paid $15.35 per hour;

- Plaintiff DeLaRoche worked from November 6, 2019 to April 1, 2021 (approximately 74  weeks); was paid $16.25 per hour and a shift differential of $2.40 per hour.

**Exhibit E**, Declaration of Emily Kidder, ¶¶ 4-6.

42.     While Defendants dispute that straight time is even recoverable under the CMWA, the average of the alleged straight time damages sought by Plaintiffs Del Rio, Meunier, and DeLaRoche is computed as follows:

- **Plaintiff Del Rio**: ($15.75 + $2.40 hourly wages) x (1.175 hours of alleged off-the-clock work) x (22 weeks) = **$ 469.18**

- **Plaintiff Meunier**: ($15.35 hourly wages) x (1.175 hours of alleged off-the-clock work) x (59 weeks) = **$1,064.14**

- **Plaintiff DeLaRoche***: ($16.25 + $2.40 hourly wages) x (1.175 hours of alleged off-the-clock work) x (74 weeks) = **$ 1,621.62**

- Average presumed damages of named-Plaintiffs**:  $1,051.65**

- Average presumed damages of named-Plaintiffs ($1,051.65) x potential putative class members as alleged by Plaintiffs (10,000) **= $10,516,500**

- Plaintiffs seeks "straight time at 'twice the full amount of such wages…'": ($10,516,500) x (2) = **$21,033,000**

11

43.     Defendants also dispute Plaintiffs' overtime claim, but for purposes of computing the amount in controversy, if we halve the $10,516,500 straight time damages computed above to conservatively assume that only half of the putative class worked 40 or more hours per week such that they would have earned overtime, and then halve it again, given that overtime would be paid at an additional half-time premium, the overtime damages are estimated at another **$2,629,125**. Plaintiffs seek double this amount, yielding a sum of **$5,258,250**.

44.     Plaintiffs also seek recovery of attorneys' fees.   **Exhibit A**, Complaint, ¶ 38, Demand for Relief, ¶ 4.   C.G.S. §§ 31-68 and 31-72 allows for recovery of attorneys' fees.   In determining the amount in controversy for purposes of removal, attorneys' fees in the amount of 25% is conservative.   *See In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, No. 3:09-CV-1293 (VLB), 2012 WL 3589610, at *2 , 13 (D. Conn. Aug. 20, 2012) (finding that $900,000, representing 30% of the settlement fund to be reasonable); *see e.g., Board of Trustees of AFTRA Retirement Fund v. JP Morgan Chase Bank, N.A*., No. 09-Civ.-686 (SAS), 2012 WL 2054907, at *1–2 (S.D.N.Y. June 7, 2012) (finding that attorney fees of 25% of settlement fund to be reasonable); *In re Sumitomo Copper Litig.,* 74 F. Supp. 2d at 292, 299 (S.D.N.Y. 1999) (awarding attorneys' fees representing 27.5% of the settlement as reasonable); *Anwar v. Fairfield Greenwich Ltd*., No.09–cv–118, 2012 WL 1981505, at *3 (S.D.N.Y. June 1, 2012) (awarding attorneys' fees representing 33% of the settlement as reasonable); *see In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 303 (3d Cir. 2005) (noting study done by the Federal Judicial Center that found a median percentage recovery range of 27–30% for all class actions resolved or settled over a four-year period); *see Frederico v. Home Depot, Inc*., 507 F.3d 188, 199 (3rd Cir. 2007) (considering attorneys' fees of 30% when calculating amount in controversy); *Lorah v. SunTrust Mortgage, Inc*., CIV.A. 08-703, 2009 WL 413113 (E.D. Pa. Feb. 18, 2009); *Hoffman v. Nutraceutical Corp*., CIV. 12-5803-ES-

12

SCM, 2013 WL 885169, *4 (D.N.J. Jan. 24, 2013); *Andrews v. Home Depot U.S.A., Inc.*, No. 03-5200, 2010 WL 5464303, at *3 (D. N.J. Dec. 29, 2010).

45.     Here, 25% of the straight time and overtime wages sought (without doubling), would yield potential attorneys' fees in the amount of approximately **$3,286,406**.  This amount adds to the amount in controversy for this case, and further supports Defendants' argument that the $5,000,000 threshold is unequivocally met for this matter.[5]

## V.     ALL REMAINING PREREQUISITES FOR REMOVAL ARE SATISFIED

46.     Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 86, 1391, 1441, and 1446 because State of Connecticut, Superior Court at Hartford, where Plaintiffs filed the Complaint, is a state court within this federal district and division.

47.     Defendants are private business entities, not States, State officials, or other governmental entities exempt from CAFA.  28 U.S.C. § 1332(d)(5).

48.     The local controversy exception under CAFA does not apply as Defendants are not citizens of the State of Connecticut.  *See* 28 U.S.C. § 1332(d)(4)(A).

49.     All Defendants consent to the removal of the action, pursuant to 28 U.S.C. §1446(b)(2)(A).

50.     Promptly after the filing of this Notice of Removal, Defendants will give written notice of the filing to Plaintiffs' counsel and will file a copy of the Notice of Removal with the clerk of the State of Connecticut Superior Court at Hartford, in accordance with 28 U.S.C. § 1446(d).

---

[5]  Plaintiffs also seek statutory damages, including penalty damages under C.G.S. §§ 31-68 and 31-72, which are allowed for the purposes of calculating the amount in controversy, and would further increase the amount in controversy for this matter.  *See Blockbuster*, 472 F.3d at 59.

51.     A completed Federal Civil Cover Sheet accompanies this Notice of Removal.

52.     If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present both briefing and oral argument in support of their position that the case is properly removable.

**WHEREFORE**, for the reasons set forth above, Defendants respectfully request that all further proceedings in the State of Connecticut, Superior Court at Hartford be discontinued and that this action be removed to the United States District Court for the District of Connecticut.


Dated: August 27, 2021                              Respectfully submitted,


                                   */s/ Craig T. Dickinson*
                                   Craig T. Dickinson, Bar No. ct18053
                                   cdickinson@littler.com
                                   LITTLER MENDELSON P.C.
                                   One Century Tower
                                   265 Church Street - Suite 300
                                   New Haven, CT  06510
                                   Telephone:   203.974.8700
                                   Facsimile:    203.974.8799

                                   ***Attorneys for Defendants***
                                   AMAZON.COM SERVICES LLC (sued
                                   herein incorrectly as AMAZON.COM
                                   SERVICES, INC.), AMAZON.COM.DEDC,
                                   LLC, and AMAZON.COM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August 2021, the foregoing **DEFENDANTS'**

**NOTICE OF REMOVAL** was filed electronically through the CM/ECF system, which will

electronically notify the following counsel of record:

Richard E. Hayber, Esq.
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
rhayber@hayberlawfirm.com
***Attorney for Plaintiffs***


*/s/ Craig T. Dickinson*
Craig T. Dickinson

***Attorney for Defendants***
AMAZON.COM SERVICES LLC (sued herein
incorrectly as AMAZON.COM SERVICES, INC.),
AMAZON.COM.DEDC, LLC, and
AMAZON.COM, INC.

4819-7203-7624.2 / 096748-1003

# **EXHIBIT A**

<u>STATE OF CONNECTICUT</u>

| | | |
|---|---|---|
| **RETURN DATE:**    **AUGUST 17, 2021** | : | **SUPERIOR COURT** |
| | : | |
| **JAVIER DEL RIO, COLIN MEUNIER,** | : | **OF HARTFORD** |
| **and AARON DELAROCHE, on behalf** | : | |
| **of themselves and other similarly** | : | |
| **situated Employees** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **AT HARTFORD** |
| | : | |
| **AMAZON.COM SERVICES, INC.,** | : | |
| **AMAZON.COM.DEDC, LLC, and** | : | |
| **AMAZON.COM, INC.** | : | |
| **Defendants** | : | **JULY 27, 2021** |

<u>CLASS ACTION COMPLAINT</u>

### I.  INTRODUCTION

1.      In Connecticut, employers must compensate their employees for all time that they are "required by the employer to be on the employer's premises…" C.G.S. 31-76b(2)(A).

2.      Here Defendants required Plaintiffs Javier Del Rio, Colin Meunier, Aaron Delaroche, and the class of non-exempt employees at all of its Connecticut facilities to remain on the premises after clocking out for the purpose of going through a mandatory security screening process within the facility.  This screening process routinely took between ten and twenty minutes or more per employee. Defendants did not pay Plaintiffs and the class for this time.

3.      As a result, Defendants retained millions of dollars in wages that should have been paid to the class.

### II.      PARTIES

4.      Defendant Amazon.com Services, Inc. is a corporation organized and existing under the laws of the state of Delaware. It is registered as a business with the Connecticut Secretary of State, and headquartered in Seattle, Washington.

5.      Defendant Amazon.com.dedc, LLC is a corporation organized and existing under the laws of the state of Delaware, with headquarters in Seattle, Washington.

6.      Defendant Amazon.com, Inc. is a corporation organized and existing under the laws of the state of Delaware, with headquarters in Seattle, Washington.

7.      Defendants collectively own and operate approximately ten "fulfillment centers" "delivery stations," and "sorting centers" (herein after referred to as "facilities") in Connecticut. They have employed over 10,000 workers at their facilities in Connecticut during the period of the claim.

8.      Plaintiff Javier Del Rio is an individual presently residing in New Haven, Connecticut. Del Rio worked for Defendants as a Packer at their North Haven, Connecticut facility from November 2020 to April 2021.

9.      Plaintiff Colin Meunier is an individual presently residing in Royal Oak, Michigan. Meunier worked for Defendants at its Windsor, Connecticut warehouse. Plaintiff Meunier worked at Defendants' Windsor facility from May 29, 2018 until July 10, 2019. Stower, picker packer ICWA

10.     Plaintiff Aaron Delaroche is an individual presently residing in Granby, Connecticut. He worked at Defendants Windsor facility from November 2019 until April, 2021. During his time there, he held several positions: Stower, Packer, Line Straightener, and Induct.

## III.   FACTS AND PROCEDURAL HISTORY

11.     Defendants (herein after referred to as "Amazon") own and operate at least 10 facilities in Connecticut, including "fulfillment centers", "delivery stations", and "sorting centers."

2

12.     At these facilities, Amazon employs non-exempt, hourly works like Plaintiffs Del Rio,

Meunier, and Delaroche.

13.     On March 19, 2020, the Governor of the State of Connecticut issued an executive order

tolling all statutes of limitations due to the Coronavirus pandemic.[1] That tolling order remained

in place through and including June 30th, 2021. The period of tolling was one year, three months,

and eleven days. Accordingly, the period of the claim in this matter, which would ordinarily be

two years under Connecticut law, is three years, three months, and eleven days, that is starting on

April 16, 2018, until the date of final judgment in this matter.

14.     Upon information and belief, during the period of the claim Amazon has employed over

10,000 warehouse workers whom it subjected to the pay practices challenged herein.

15.     During the period of the claim, Defendants required Plaintiffs and the class go through a

mandatory security screen process prior to leaving the facility at the end of their shift, or for their

break.

16.     As part of this screening process, Defendants have required Plaintiffs and other

warehouse workers to wait in lines leading up to a security screening area within the facility.

17.     During the screening process, Defendants would require that all bags and personal items

carried by Plaintiffs and other Warehouse Workers to be individually searched by security

guards.

18.     During the screening process, Defendants have required Plaintiffs and other Warehouse

Workers to proceed through a metal detector.

19.     If the metal detector's alarm sounds, Defendants subjected Plaintiff and other Warehouse

Workers to an individual search conducted by a security guard.

20.     Defendants prohibited Plaintiffs and the class from leaving the facility until they have successfully completed the entire security screening process.

21.     The above screening process routinely took up to between 10 and 20 minutes for Plaintiffs and the class to complete, and, with delays, it could take over 20 minutes.  During this entire time, Plaintiffs and the class are required to remain on Defendants' premises.

22.     Defendants have not paid Plaintiffs and the class for the time elapsed between the conclusion of their shifts, and the conclusion of the above screening process.

23.     Defendants have automatically deducted 30 minutes from Plaintiffs and the class's compensable time each shift for a purported meal break.

24.     Defendants have required Plaintiffs and the class to remain at their work locations within the facility until the start of the unpaid meal period.

25.     In order to exit the facility or access break rooms during the unpaid meal break, Defendants have required Plaintiffs and the class to proceed through the same mandatory screening process described in paragraphs 14-20.

26.     Defendants' clock-out requirement and mandatory screening process during the unpaid meal period is solely for the benefit of Defendants and not for the benefit or convenience of Plaintiffs and the class.

27.     Defendants' mandatory screening process during the unpaid meal period usually takes 7 to 10 minutes for Plaintiffs and the class to complete, and, with delays, it can take over 10 minutes.

28.     Defendants have not paid Plaintiffs and the class for the time elapsed between the commencement of their unpaid meal period and the conclusion of the above screening process.

[1] See Governor Lamont's Executive Orders 7G, 9L, 10A, 11E, and 12B.

4

## VI.    CLASS ACTION ALLEGATIONS

29.     Plaintiffs Javier Del Rio, Colin Meunier, and Aaron Delaroche bring this claim on behalf

of himself and all other members of the Connecticut class, pursuant to Sections 9-7 and 9-8 of

the Connecticut Practice Book.

30.     The Connecticut Class is defined as follows:

> All current and former employees of Defendants who were employed as hourly,
>
> non-exempt warehouse workers at any time from April 16, 2018 through the date
>
> of final judgment in this matter.

31.     Class certification for these Connecticut law claims is appropriate under Sections 9-7 and

9-8 of the Connecticut Practice Book because all the requirements of the Rules are met.

32.     The class is so numerous that joinder of all members is impracticable.  On information

and belief, there are as many as ten thousand (10,000) warehouse workers employed by

Defendants in Connecticut during the period of the claim.

33.     There are questions of law and fact common to the class, including whether the

Defendants unlawfully failed to pay class members for their work time in violation of

Connecticut law, and whether Defendants' actions were taken good faith sufficient to avoid

penalty damages.

34.     The claims of the Plaintiffs are typical of those of the class members.  The claims of

Plaintiffs encompass the challenged practices and course of conduct of Defendants.

Furthermore, the claims of Plaintiffs are based on the same legal theories as the claims of the

putative class members. The legal issues as to the violation of the CMWA by Defendants'

conduct applies equally to Plaintiffs and to the class.

5

35.     Plaintiffs will fairly and adequately protect the interests of the class.  The claims of

Plaintiffs are not antagonistic to those of the putative class and they have hired counsel skilled in

the prosecution of class actions.

36.     Common questions of law and fact predominate over questions affecting only

individuals, and a class action is superior to other available methods for the fair and efficient

adjudication of this controversy.  This proposed class action is the superior method of

adjudications because it presents few management difficulties, conserves the resources of the

parties and the court system, protects the rights of each class member and maximizes recovery to

them.

37.     Based upon the foregoing, Defendants violated the CMWA by failing to compensate

Plaintiffs and the class for time spent undergoing mandatory security checks during their meal

breaks, and at the end of their shifts.

38.     Accordingly, Defendants are liable to Plaintiffs and the class for straight time at "twice

the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed

by the court" pursuant to C.G.S. § 31-72, and for overtime at "twice the full amount of such

minimum wage or overtime wage less any amount actually paid to him or her by the employer,

with costs and such reasonable attorney's fees as may be allowed by the court," C.G.S. § 31-68.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiffs claims on behalf of himself and other similarly situated persons:

1. Certification of this action as a class action pursuant to Sections 9-7 and 9-8 of the Connecticut Practice Book on behalf of members of the Connecticut class and the appointment of Plaintiffs and their counsel to represent the class;

2. Unpaid wages in the form of straight time and overtime;

3. Penalty damages pursuant to C.G.S. § 31-68 and 31-72;

4. Attorneys' fees pursuant to C.G.S. § 31-68 and 31-72;

5. Interest pursuant to C.G.S. § 37-3a at the rate of 10% per annum;

6. Costs;

7. Trial by jury; and

8. Any and all other relief as the court deems just and proper.

<div style="margin-left: 40%;">

Plaintiffs Javier Del Rio, Colin Meunier, and Aaron Delaroche, on behalf of themselves and all other similarly situated individuals

By: _____

Richard E. Hayber, Esq.
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
Juris No. 426871
Tel: (860) 522-8888
Fax: (860) 218-9555
rhayber@hayberlawfirm.com
Attorney for Plaintiffs

</div>

## STATE OF CONNECTICUT

| | | | |
|---|---|---|---|
| **RETURN DATE:** | **AUGUST 17, 2021** | : | **SUPERIOR COURT** |
| | | : | |
| **JAVIER DEL RIO, COLIN MEUNIER,** | | : | **OF HARTFORD** |
| **and AARON DELAROCHE, on behalf** | | : | |
| **of themselves and other similarly** | | : | |
| **situated Employees** | | : | |
| **Plaintiffs** | | : | |
| **v.** | | : | **AT HARTFORD** |
| | | : | |
| **AMAZON.COM SERVICES, INC.,** | | : | |
| **AMAZON.COM.DEDC, LLC, and** | | : | |
| **AMAZON.COM, INC.** | | : | |
| **Defendants** | | : | **JULY 27, 2021** |

## STATEMENT OF AMOUNT IN DEMAND

WHEREFORE, the Plaintiffs claims a cause of action seeking damages of not less than

$15,000.00, exclusive of interests and costs, which cause is within the jurisdiction of the

Superior Court.

> Plaintiffs Javier Del Rio, Colin Meunier, and
> Aaron Delaroche, on behalf of themselves
> and all other similarly situated individuals
>
> By: _____
> Richard E. Hayber, Esq.
> Hayber, McKenna & Dinsmore, LLC
> 750 Main Street, Suite 904
> Hartford, CT 06103
> Juris No. 426871
> Tel: (860) 522-8888
> Fax: (860) 218-9555
> rhayber@hayberlawfirm.com
> Attorney for Plaintiffs

8

# EXHIBIT B

# STATE OF CONNECTICUT

| | |
|---|---|
| JAVIER DEL RIO, COLIN MEUNIER, and AARON DELAROCHE, on behalf of themselves and other similarly situated Employees | SUPERIOR COURT OF HARTFORD |
| Plaintiffs, | AT HARTFORD |
| v. | JULY 27, 2021 |
| AMAZON.COM SERVICES, INC., AMAZON.COM.DEDC, LLC, and AMAZON.COM, INC. | |
| Defendants. | |

## AFFIDAVIT OF SERVICE

I, Sean Snow, being duly sworn and deposed says that I am not a party to this action, am over eighteen (18) years old, and reside in Delaware.  That on July 28, 2021, at 12:42 p.m., I personally served true copies of a Summons, Class Action Complaint and Continuation of Parties upon, **Amazon.com.dedc, LLC**, by serving the registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

Service was accepted by: Lynanne Gares, Litigation Management Services Leader, authorized to accept service, Caucasian female, 48 yrs. old, 180 lbs., 5'6" with brown hair.

Sean Snow – Process Server
800 King Street, Suite 102
Wilmington, DE 19801

Sworn to me this 28th day of July, 2021.

_____
Notary Public

GEORGE C. BARTOLI
MY COMMISSION
EXPIRES
APRIL 5, 2022
NOTARY PUBLIC
STATE OF DELAWARE

# STATE OF CONNECTICUT

| | |
|---|---|
| JAVIER DEL RIO, COLIN MEUNIER, and AARON DELAROCHE, on behalf of themselves and other similarly situated Employees | SUPERIOR COURT OF HARTFORD |
| | |
| | AT HARTFORD |
| Plaintiffs, | |
| | JULY 27, 2021 |
| v. | |
| | |
| AMAZON.COM SERVICES, INC., AMAZON.COM.DEDC, LLC, and AMAZON.COM, INC. | |
| | |
| Defendants. | |

# AFFIDAVIT OF SERVICE

I, Sean Snow, being duly sworn and deposed says that I am not a party to this action, am over eighteen (18) years old, and reside in Delaware.  That on July 28, 2021, at 12:42 p.m., I personally served true copies of a Summons, Class Action Complaint and Continuation of Parties upon, **Amazon.com, Inc.,** by serving the registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

Service was accepted by: Lynanne Gares, Litigation Management Services Leader, authorized to accept service, Caucasian female, 48 yrs. old, 180 lbs., 5'6" with brown hair.

Sean Snow – Process Server
800 King Street, Suite 102
Wilmington, DE 19801

Sworn to me this 28th day of July, 2021.

_____
Notary Public

## **OFFICER'S RETURN**

STATE OF CONNECTICUT

ss: Hartford,                    July 28, 2021

COUNTY OF HARTFORD

Then and there by virtue hereof, on July 28, 2021, I served the within named defendant, **Amazon.com Services, Inc.,** by leaving a true and attested copy of original WRIT, SUMMONS AND CLASS ACTION COMPLAINT, with and in the hands of its Agent for Service, **Deneen L. Seifel, Corporation Service Company, 100 Pearl Street, Hartford, CT 06103,** with my endorsements thereon.

The within and foregoing is original WRIT, SUMMONS AND CLASS ACTION COMPLAINT, with my doings hereon endorsed.

ATTEST:

PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

**Fees:**

| | |
|---|---|
| Service Fee | $ 40.00 |
| Copy | 10.00 |
| Endorsements | 1.60 |
| Travel | 17.00 |
| | **$ 68.60** |

# EXHIBIT C

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: **www.jud.ct.gov/ADA**. |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| **95 Washington Street, Hartford, CT 06106** | **( 860 ) 756 – 7020** | **08/24/2021** |

| ☒ Judicial District   G.A. | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|
| ☐ Housing Session   ☐ Number: _____ | **Hartford** | Major: **M**   Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| **Hayber, McKenna & Dinsmore, LLC** | **426871** |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| **( 860 ) 522 – 8888** | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes   ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) **rhayber@hayberlawfirm.com** |
|---|---|---|

| Parties | | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|---|
| **First plaintiff** | Name: | **Javier Del Rio** | **P-01** |
| | Address: | **229 Greenwich Ave, New Haven, CT 06519** | |
| **Additional plaintiff** | Name: | **Colin Meunier** | **P-02** |
| | Address: | **1709 Gardenia Avenue, Royal Oak, MI 48067** | |
| **First defendant** | Name: | **Amazon.com Services, Inc.** | **D-01** |
| | Address: | **Agent for Service: Corporation Service Company, 100 Pearl Street 17th FL, Hartford, CT 06103** | |
| **Additional defendant** | Name: | **Amazon.com.dedc, LLC** | **D-02** |
| | Address: | **Agent for Service: Corporation Service Company, 251 Little Falls Dr, Wilmington, DE 19808** | |
| **Additional defendant** | Name: | **Amazon.com, Inc.** | **D-03** |
| | Address: | **Agent for Service: Corporation Service Company, 251 Little Falls Dr, Wilmington, DE 19808** | |
| **Additional defendant** | Name: | | **D-04** |
| | Address: | | |

| Total number of plaintiffs: 3 | Total number of defendants: 3 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | | Name of person signing |
|---|---|---|---|
| **07/27/2021** | | ☒ Commissioner of Superior Court   ☐ Clerk | **Richard E. Hayber** |

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date **07/27/2021** | Docket Number |
|---|---|---|---|

# **<u>EXHIBIT D</u>**

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2    Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff  *(Last, First, Middle Initial)*
**Del Rio, Javier**

First named Defendant  *(Last, First, Middle Initial)*
**Amazon.com Services, Inc.**

## Additional Plaintiffs

| Name  *(Last, First, Middle Initial, if individual)*   Address  *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
| **Aaron Delaroche**<br>**1 Brookside Drive, Granby, CT 06035** | 03 |
|  | 04 |
|  | 05 |
|  | 06 |
|  | 07 |
|  | 08 |
|  | 09 |
|  | 10 |
|  | 11 |
|  | 12 |
|  | 13 |

## Additional Defendants

| Name  *(Last, First, Middle Initial, if individual)*   Address  *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
|  | 05 |
|  | 06 |
|  | 07 |
|  | 08 |
|  | 09 |
|  | 10 |
|  | 11 |
|  | 12 |
|  | 13 |
|  | 14 |

*FOR COURT USE ONLY - File Date*

Docket number

**CIVIL SUMMONS-Continuation**

# **<u>EXHIBIT E</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

JAVIER DEL RIO, COLIN MEUNIER, and
AARON DELAROCHE, on behalf of
themselves and other similarly situated
Employees,

               Plaintiffs,

    v.

AMAZON.COM SERVICES, INC.,
AMAZON.COM.DEDC, LLC, and
AMAZON.COM, INC.,

               Defendants.

Civil Action No.: _____

## <u>DECLARATION OF EMILY KIDDER</u>

I, Emily Kidder, declare as follows:

1.     I am employed as a Human Resources Manager for Amazon, where I have been employed for approximately 6 years. In this position, I provide the full range of human resources support for Amazon facilities in Connecticut.  Prior to taking this position in November 2020, I held the following positions at Amazon: Senior Human Resources Business Partner,  Human Resources Business Partner, and Senior Human Resources Assistant.

2.     I have personal knowledge of the facts set forth in this declaration, and/or I have knowledge of such facts based personnel business records and files, which I have reviewed. I am authorized to make this declaration on behalf of Defendants named in this matter and if called as a witness, I could and would testify competently to such facts contained herein.

3.     I have access to and am familiar with the records of the named Plaintiffs in this case, Javier Del Rio, Colin Meunier, and Aaron DeLaRoche.

4.     Mr. Del Rio was employed by Amazon in Connecticut from November 16, 2020 to April 17, 2021. His rate of pay at time of termination was $15.75 per hour, plus a shift differential of $2.40 per hour. Mr. Del Rio's records indicate that his last known home address is 229 Greenwich Avenue, New Haven, Connecticut 06519.

5.     Mr. Meunier was employed by Amazon in Connecticut from May 29, 2018 to July 11, 2019. His rate of pay at time of termination was $15.35 per hour. Mr. Meunier's records indicate that his last known home address is 10 Dartmouth Street, Enfield, Connecticut 06082.

6.     Mr. DeLaRoche was employed by Amazon in Connecticut from November 6, 2019 to April 1, 2021. His rate of pay at time of termination was $16.25 per hour, plus a shift differential of $2.40 per hour at the time of his termination. Mr. DeLaRoche's records indicate that his last known home address is 1 Brookside Drive, Granby, Connecticut 06035.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 26, 2021, Manchester, Connecticut.

DocuSigned by:

*Emily Kidder*

2CDC23417975464...

Emily Kidder
Human Resources Manager

4814-6809-5735.4 / 096748-1003

# **<u>EXHIBIT F</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

JAVIER DEL RIO, COLIN MEUNIER, and
AARON DELAROCHE, on behalf of
themselves and other similarly situated
Employees,

                    Plaintiffs,

        v.                                                Civil Action No.: _____

AMAZON.COM SERVICES, INC.,
AMAZON.COM.DEDC, LLC, and
AMAZON.COM, INC.,

                    Defendants.

### DECLARATION OF DESMOND EPPEL

I, Desmond Eppel, declare as follows:

1.      I am employed as Senior Corporate Counsel for Amazon, where I have been

employed since June 2020. In this position, I am responsible for overseeing corporate governance

matters relating to the global subsidiaries (collectively, the "Subsidiaries") of Amazon.com, Inc.

("Amazon").

2.      I have personal knowledge of the facts set forth in this declaration, and/or I have

knowledge of such facts based on business records and files, which I have reviewed. I am

authorized to make this declaration on behalf of Defendants named in this matter and if called as

a witness, I could and would testify competently to such facts contained herein.

3.      I am familiar with the corporate structure of the named Defendants in this case. I

also have access to the corporate governance records of the Subsidiaries maintained and generated

in the ordinary course of business. I have access, either directly or indirectly, to these records and

in the ordinary course of business, I periodically refer to them on an as-needed basis.

4.      Defendant Amazon.com.dedc, LLC formerly was a limited liability company organized and existing under the laws of the State of Delaware. It was headquartered in Seattle, Washington. It merged into Amazon.com Services, Inc. on January 1, 2019.

5.      Amazon.com Services, Inc. is now known as Amazon.com Services LLC. Amazon.com Services LLC is a limited liability company organized and existing under the laws of the State of Delaware. It is headquartered in Seattle, Washington.

6.      Defendant Amazon.com, Inc. is a corporation formed and existing under the laws of the State of Delaware, with headquarters in Seattle, Washington.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 26, 2021, at Seattle, Washington.

DocuSigned by:

*Desmond Eppel*

5C9F421FA77C497...

Desmond Eppel
Senior Corporate Counsel

4813-8863-2568.2 / 096748-1003