## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAVIER DEL RIO, COLIN MEUNIER, and AARON DELAROCHE, on behalf of themselves and other similarly situated Employees<br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC., AMAZON.COM.DEDC, LLC, and AMAZON.COM, INC.<br>Defendants | Civil Action No.:<br><br>3:21-cv-01152-KAD<br><br><br><br><br><br><br><br>SEPTEMBER 20, 2021 |

## AMENDED CLASS ACTION COMPLAINT

### I. INTRODUCTION

1.  Employers in Connecticut must pay their employees for "all" hours worked. C.G.S. Section 31-71a(3). Hours worked includes all time that employees are "required by the employer to be on the employer's premises." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 690-91 (1946) (holding compensable time spent walking from timeclocks to work benches); C.G.S. § 31-76b(2)(A); Conn. Agencies Regs., § 31-60-11. *See also, Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 50 (1944) (holding compensable the time spent traveling between mine portals and underground work areas).[1] In Connecticut, work time is rounded to the nearest unit of 15 minutes. Conn. Agencies Regs., § 31-60-11.

2.  Here, Defendants required Plaintiffs Javier Del Rio, Colin Meunier, Aaron Delaroche, and the class of non-exempt employees at all of its Connecticut facilities to remain on the premises after clocking out at mealtime and at the end of their shifts for the purpose of going

---

[1] These holdings no longer apply to claims under the federal Fair Labor Standards Act since the passage of the Portal to Portal Act in 1947. They remain good law here in Connecticut since no similar act was ever passed here.

through mandatory security screening within the facility.  This screening process routinely took between ten and twenty minutes or more per employee. Defendants did not pay Plaintiffs and the class for this time compensable work time.

3. As a result of Defendants' policies and practices, Defendants retained millions of dollars in wages, both straight time and overtime, that should have been paid to the class.

**II.    PARTIES**

4. Defendant Amazon.com Services, LLC. is a limited liability company organized and existing under the laws of the state of Delaware. It is registered as a business with the Connecticut Secretary of State, and headquartered in Seattle, Washington.

5. Defendant Amazon.com.dedc, LLC is a corporation organized and existing under the laws of the state of Delaware, with headquarters in Seattle, Washington.

6. Defendant Amazon.com, Inc. is a corporation organized and existing under the laws of the state of Delaware, with headquarters in Seattle, Washington.

7. Defendants collectively own and operate approximately ten "fulfillment centers" "delivery stations," and "sorting centers" (herein after referred to as "facilities") in Connecticut. They have employed over 10,000 workers at their facilities in Connecticut during the period of the claim.   They are the employers of the Plaintiffs and the class as that term is defined under Connecticut's Minimum Wage Act (C.G.S. Sec. 31-58(d))

8. Plaintiff Javier Del Rio is an individual presently residing in New Haven, Connecticut. Del Rio worked for Defendants as a Packer at their North Haven, Connecticut facility from November 2020 to April 2021.

9. Plaintiff Colin Meunier is an individual presently residing in Royal Oak, Michigan. Meunier worked for Defendants at its Windsor, Connecticut warehouse. Plaintiff Meunier

worked at Defendants' Windsor facility from May 29 2018 until July 10, 2019. Stower, picker packer ICWA

10. Plaintiff Aaron Delaroche is an individual presently residing in Granby, Connecticut. He worked at Defendants Windsor facility from November 2019 until April 2021. During his time there, he held several positions: Stower, Packer, Line Straightener, and Induct.

### III. JURISDICTION AND VENUE

11. This court has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), as codified in relevant part in 28 U.S.C. Sec. 1332(d)(2).

12. Venue exists in this district pursuant to 28 U.S.C. Sec. 1391 because the events giving rise to the claim occurred within this district.

### IV. LEGAL PRINCIPLES

13. Employers in Connecticut must pay "all wages, salary or other compensation due each employee on a regular payday…" C.G.S. Sec. 31-71b.

14. "Employer" under our Minimum Wage Act "means any owner or any person, partnership, corporation, limited liability company or association of persons acting directly as, or on behalf of, or in the interest of an employer in relation to employees, including the state and any political subdivision thereof." C.G.S. Sec. 31-58(d).

15. "Wages" means "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation;…" C.G.S. Sec. 31-71a.

16. "Hours worked" includes all time that employees are "required by the employer to be on the employer's premises." C.G.S. § 31-76b(2)(A); Conn. Agencies Regs., § 31-60-11; *Anderson*

*v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 690-91 (1946) (holding compensable time spent walking from timeclocks to work benches).

17.  Connecticut has a statutory cause of action for minimum or overtime wages.  "If any employee is paid by his or her employer less than the … overtime wage to which he or she is entitled under sections 31-58, 31-59 and 31-60 or by virtue of a minimum fair wage order he or she shall recover, in a civil action, (A) twice the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court or (B) if the employer establishes that the employer had a good faith belief that the underpayment of such wages was in compliance with the law, the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court."  C.G.S. Sec. 31-68(a)(1) (entitled "Collection of minimum or overtime wage.  Class action certifications.  Collection of wages for employee whose whereabouts are unknown.")

18.  Connecticut has a statutory cause of action for wages generally, i.e., other than minimum or overtime wages.  "When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k or where an employee or a labor organization representing an employee institutes an action to enforce an arbitration award which requires an employer to make an employee whole or to make payments to an employee welfare fund, such employee or labor organization shall recover, in a civil action, (1) twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, or (2) if the employer establishes that the employer had a good faith belief that the underpayment of wages was in

compliance with law, the full amount of such wages or compensation, with costs and such reasonable attorney's fees as may be allowed by the court." C.G.S. Sec. 31-72 (entitled "Civil action to collect wage claim, fringe benefit claim or arbitration award.")

19. "Working time in every instance shall be computed to the nearest unit of fifteen minutes." Conn. Agencies Regs., § 31-60-11.

    V.    **FACTS**

20. Defendants (herein after referred to as "Amazon") own and operate at least 10 facilities in Connecticut, including "fulfillment centers", "delivery stations", and "sorting centers."

21. At these facilities, Amazon employs non-exempt, hourly works like Plaintiffs Del Rio, Meunier, and Delaroche.

22. Upon information and belief, during the period of the claim Amazon has employed over 10,000 warehouse workers whom it subjected to the pay practices challenged herein.

23. During the period of the claim, Defendants required Plaintiffs and the class go through a mandatory security screen process prior to leaving the facility at the end of their shift, or for their break.

24. As part of this screening process, Defendants have required Plaintiffs and other warehouse workers to wait in lines leading up to a security screening area within the facility.

25. During the screening process, Defendants would require that all bags and personal items carried by Plaintiffs and other Warehouse Workers to be individually searched by security guards.

26. During the screening process, Defendants have required Plaintiffs and other Warehouse Workers to proceed through a metal detector.

27. If the metal detector's alarm sounds, Defendants subjected Plaintiff and other Warehouse Workers to an individual search conducted by a security guard.

28. Defendants prohibited Plaintiffs and the class from leaving the facility until they have successfully completed the entire security screening process.

29. The above screening process routinely took up to between 10 and 20 minutes for Plaintiffs and the class to complete, and, with delays, it could take over 20 minutes. During this entire time, Plaintiffs and the class are required to remain on Defendants' premises.

30. Defendants have not paid Plaintiffs and the class for the time elapsed between the conclusion of their shifts, and the conclusion of the above screening process.

31. Defendants require their workers to go through a screening process before their meal breaks.

32. Defendants have automatically deducted 30 minutes from Plaintiffs' and the class's compensable time each shift for a purported meal break.

33. Defendants have required Plaintiffs and the class to remain at their work locations within the facility until the start of the unpaid meal period.

34. In order to exit the facility or access break rooms during the unpaid meal break, Defendants have required Plaintiffs and the class to proceed through the same mandatory screening process described in paragraphs 14-20.

35. Defendants' clock-out requirement and mandatory screening process during the unpaid meal period is solely for the benefit of Defendants and not for the benefit or convenience of Plaintiffs and the class.

36.     Defendants' mandatory screening process during the unpaid meal period usually takes 7 to 10 minutes for Plaintiffs and the class to complete, and, with delays, it can take over 10 minutes.

37.     The class was not able to eat their meals while in this screening process. Therefore, the time the class spent in this screening process before their meal break was not time allowed for them to have a meal.

38.     Defendants agreed to pay Plaintiffs an hourly rate for the hours they work but have not paid Plaintiffs and the class for the time between the commencement of their unpaid meal period and the conclusion of the above screening process.

39.     Some of this screening time for some members of the class was overtime, i.e., hours worked beyond 40 in a week.

40.     For example, Plaintiff Colin Meunier worked 50-60 hours each week during the month of December 2019 and so the time he spent waiting in security lines would have been overtime.

41.     Also, Plaintiff Aaron Delaroche was scheduled for 50 hours per week and usually worked at least 50 hours per week between Thanksgiving (Black Friday) and Christmas in 2019 and 2020 so the time he spent waiting in security lines would have been overtime.

### IV.     CLASS ACTION ALLEGATIONS

42.     Plaintiffs Javier Del Rio, Colin Meunier, and Aaron Delaroche bring this claim on behalf of himself and all other members of the Connecticut class, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43.     The Connecticut Class is defined as follows:

> All current and former employees of Defendants who were employed as hourly, non-exempt warehouse workers in Connecticut at any time from April 16, 2018[2] through the date of final judgment in this matter.

44. Class certification for these Connecticut law claims is appropriate under Rule 23 because all the requirements of the Rule are met.

45. The class is so numerous that joinder of all members is impracticable. On information and belief, there are as many as ten thousand (10,000) warehouse workers employed by Defendants in Connecticut during the period of the claim.

46. There are questions of law and fact common to the class, including whether the Defendants unlawfully failed to pay class members for their work time in violation of Connecticut law, and whether Defendants' actions were taken good faith sufficient to avoid penalty damages.

47. The claims of the Plaintiffs are typical of those of the class members. The claims of Plaintiffs encompass the challenged practices and course of conduct of Defendants. Furthermore, the claims of Plaintiffs are based on the same legal theories as the claims of the putative class members. The legal issues as to the violation of the CMWA by Defendants' conduct applies equally to Plaintiffs and to the class.

48. Plaintiffs will fairly and adequately protect the interests of the class. The claims of Plaintiffs are not antagonistic to those of the putative class and they have hired counsel skilled in the prosecution of class actions.

---

1. On March 19, 2020, the Governor of the State of Connecticut issued an executive order tolling all statutes of limitations due to the Coronavirus pandemic.[2] That tolling order remained in place through and including June 30th, 2021. The period of tolling was one year, three months, and eleven days. Accordingly, the period of the claim in this matter, which would ordinarily be two years under Connecticut law, is three years, three months, and eleven days, that is starting on April 16, 2018, until the date of final judgment in this matter.

49. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  This proposed class action is the superior method of adjudications because it presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

    **V.    CAUSES OF ACTION**

        **A.    DEFENDANTS' FAILURE TO PAY STRAIGHT TIME WAGES FOR TIME PLAINTIFFS AND THE CLASS SPENT IN SECURITY LINES, C.G.S. Section 31-72; 31-71b et seq.; Conn. Agencies Regs. Sec. 31-60-11.**

50. Based upon the foregoing, Defendants violated the CMWA by failing to compensate Plaintiffs and the class for time spent undergoing mandatory security checks during their meal breaks, and at the end of their shifts.

51. Accordingly, Defendants are liable to Plaintiffs and the class for unpaid back straight time wages calculated at "twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court" pursuant to C.G.S.  § 31-72 which provides a cause of action when an employer "fails to pay an employee wages in accordance with the provisions of §s 31-71a to 31-71i, inclusive,…"  which provisions include the requirement that employers pay their employees "all wages, salary or other compensation due each employee…" C.G.S. § 31-71b.

        **B.    DEFENDANTS' FAILURE TO PAY OVERTIME WAGES FOR TIME PLAINTIFFS AND THE CLASS SPENT IN SECURITY LINES, C.G.S. Section 31-68; 31-76b(2)(A). et seq.**

52. Based upon the foregoing, Defendants violated the CMWA by failing to compensate Plaintiffs and the class for time spent undergoing mandatory security checks during their meal breaks, and at the end of their shifts.

53. Accordingly, for those weeks where overtime hour were worked, Defendants are liable to Plaintiffs and the class for unpaid back overtime wages and penalty damages calculated at "twice the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court," pursuant to C.G.S. § 31-68 which provides a cause of action for unpaid overtime wages if "any employee is paid by his or her employer less than the … overtime wage to which he or she is entitled …"

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiffs claims on behalf of himself and other similarly situated persons:

1. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of members of the Connecticut class and the appointment of Plaintiffs and their counsel to represent the class;

2. Unpaid wages in the form of straight time pursuant to C.G.S. § 31-72;

3. Unpaid wages in the form of overtime pursuant to C.G.S. § 31-68;

4. Penalty damages pursuant to C.G.S. § 31-68 and 31-72;

5. Attorneys' fees and court costs pursuant to C.G.S. § 31-68 and 31-72;

6. Prejudgment interest pursuant to C.G.S. § 37-3a at the rate of 10% per annum;

7. Trial by jury; and

8. Any and all other relief as the court deems just and proper.

        Plaintiffs Javier Del Rio, Colin Meunier, and
        Aaron Delaroche, on behalf of themselves
        and all other similarly situated individuals

By:   */s/ Richard E. Hayber*
       Richard E. Hayber, Esq.
       Fed. Bar No. (CT11629)
       Hayber, McKenna & Dinsmore, LLC
       750 Main Street, Suite 904
       Hartford, CT 06103
       Tel: (860) 522-8888
       Fax: (860) 218-9555
       rhayber@hayberlawfirm.com
       Attorney for Plaintiffs