**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JAVIER DEL RIO, COLIN MEUNIER, and AARON DELAROCHE, on behalf of themselves and other similarly situated Employees, | |
| Plaintiffs, | |
| v. | Civ. Action No.: 3:21-cv-01152-KAD |
| AMAZON.COM SERVICES LLC, AMAZON.COM.DEDC, LLC, and AMAZON.COM, INC., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

Stephen Rosenberg (CT26601)
sprosenberg@littler.com
LITTLER MENDELSON P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone:      203.974.8700
Facsimile:      203.974.8799

Joshua B. Waxman (phv06588)
jwaxman@littler.com
LITTLER MENDELSON P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
Telephone:      202-842-3400
Facsimile:      202-842-0011

Martha J. Keon (phv20241)
mkeon@littler.com
LITTLER MENDELSON P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 29102.1321
Telephone:      267-402-3000
Facsimile:      267-402-3131

Joon Hwang (phv20254)
jhwang@littler.com
LITTLER MENDELSON P.C.
1650 Tysons Blvd., Suite 700
Tysons Corner, VA 22102
Telephone:    703-442-8425
Facsimile:    703-442-8428

ATTORNEYS FOR DEFENDANTS
AMAZON.COM SERVICES LLC
AMAZON.COM.DEDC, LLC, and
AMAZON.COM, INC.

**TABLE OF CONTENTS**

**PAGE**

I.  INTRODUCTION ................................................................................. 1

II.  STATEMENT OF PERTINENT FACTS ............................................ 2

    A.  February 27, 2020:  Plaintiff Meunier Signed A General Release. ...................... 2

    B.  July 27, 2021:  Plaintiffs Sued Defendants, Seeking Wages For Time
          Spent Exiting Through Security After Clocking Out. ............................................ 3

III.  LEGAL ARGUMENT ......................................................................... 3

    A.  The Legal Standard ................................................................................... 3

    B.  Plaintiffs' Straight Time Claim Under Section 31-72 Should Be Dismissed
          For Failure To State A Claim Upon Which Relief Can Be Granted. .................... 4

    C.  Plaintiff Del Rio's Claim For Overtime Fails To State A Claim Upon
          Which Relief Can Be Granted. ............................................................................ 7

    D.  Plaintiff Meunier's Claims Are Barred By His General Release. ...................... 10

          1.  The General Release Bars Plaintiff Meunier's Claims Here. ................. 10

          2.  A Waiver Of Right To Bring A Claim Is Not An Invalid Release
              Of Disputed Wages Under § 31-72 ........................................................ 12

IV.  CONCLUSION ................................................................................... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................3-4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................3-4

*Dewey v. PTT Telecom Netherlands, U.S., Inc.*,
    101 F.3d 1392 (2d Cir. 1996)................................................................................11

*Grettler v. Directv, LLC*,
    No. 3:14-cv-1052 (RNC), 2016 WL 1305105 (D. Conn. Mar. 31, 2016) ................9

*Harris v. Mills*,
    572 F.3d 66 (2d. Cir. 2009)...................................................................................3-4

*HB v. Monroe Woodbury Cent. Sch. Dist.*,
    11 Civ. 5881 (CS), 2012 WL 4477552 (S.D.N.Y. Sept. 27, 2012) .........................4

*Hendricks v. J.P. Morgan Chase Bank, N.A.*,
    677 F. Supp.2d 544 (D. Conn. 2009).......................................................................8

*Kasiem v. Switz*,
    756 F.Supp.2d 570 (S.D.N.Y. 2010)........................................................................4

*Long v. Corning Inc.*,
    847 Fed. Appx. 74 (2d Cir. 2021)............................................................................2

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
    711 F.3d 106 (2d Cir. 2013)............................................................................6, 8-10

*Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*,
    483 F. App'x 660 (2d Cir. 2012) .............................................................................3

*Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*,
    723 F.3d 192 (2d Cir. 2013)...............................................................................9-10

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007)....................................................................................4

*Scott v. Aetna Servs., Inc.*,
    210 F.R.D. 261 (D. Conn. 2002)..............................................................................9

Page(s)

**Federal Cases**

*Sellers v. M.C. Floor Crafters, Inc.*,
   842 F.2d 639 (2d Cir. 1988)..................................................................................4

*United States v. Klinghoffer Bros. Realty Corp.*,
   285 F.2d 487 (2d Cir. 1960)..................................................................................6

**State Cases**

*Geysen v. Securitas Sec. Servs. USA, Inc.*,
   322 Conn. 385 (2016) ..........................................................................................5

*Harty v. Cantor Fitzgerald & Co.*,
   275 Conn. 72 (2005) ..................................................................................... 12-14

*Jenkins v. Indemnity Ins. Co.*,
   152 Conn. 249 (1964) ........................................................................................11

*Lapuk v. Robert Simons*,
   No. PJR CV93 0704542S, 1995 WL 5633 (Conn. Supp. Jan. 3, 1995), *aff'd*,
   41 Conn. App. 750, *cert. denied*, 239 Conn. 926 (1996).......................................10

*Levine v. Massey*,
   232 Conn. 272 (1995) ............................................................................... 10-11, 15

*Lockhart v. NAI Elite, LLC*,
   No. HHD-CV-186098616, 2020 Conn. Super. LEXIS 913 (Aug. 5, 2020)...................... 13-14

*Sims v. Honda Motor Corp.*,
   225 Conn. 401 (1993) ........................................................................................10

*Williams v. General Nutrition Centers, Inc.*,
   326 Conn. 651 (2017) ..........................................................................................8

**Federal Statutes**

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*............................................... *passim*

**State Statutes**

C.G.S. §31-58. ........................................................................................... 6-7

C.G.S. §31-59 . ...............................................................................................6

C.G.S. §31-60 ................................................................................................6

C.G.S. §31-68 .......................................................................................................... 5-7

C.G.S. §31-71a-71i ...................................................................................................... 5

C.G.S. §31-71d. ......................................................................................................... 12

C.G.S. §31-72 . ........................................................................................... 1, 4-7, 12-15

C.G.S. §31-76b(1) ....................................................................................................... 7

C.G.S. §31-76c ..................................................................................................... 5-8, 10

C.G.S. §31-76k. ....................................................................................................... 5, 8

## State Regulations

Regs. Conn. Stat. Agencies §31-62 *et seq* ............................................................. 7-8

## Federal Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 3-4

Fed. R. Civ. P. 12(d) ............................................................................................... 4, 11

Fed. R. Civ. P. 56 .................................................................................................... 4, 11

## I.    INTRODUCTION

Plaintiffs Javier Del Rio, Colin Meunier and Aaron Delaroche were employed at Amazon facilities in Windsor and North Haven, Connecticut.  Plaintiffs claim that they and other employees were not paid for the time they spent exiting Amazon facilities through security when they took meal breaks and at the end of their shifts.  The Amended Complaint overreaches, and should be pared down significantly.

- Plaintiffs allege a wage payment claim under C.G.S. §31-72 for straight time pay for non-overtime hours ("gap time") spent exiting through security.  (*Amended Complaint, ¶¶ 50-51*).  This claim should be dismissed for all Plaintiffs because it is premised on a right to gap time pay that does not exist under the Minimum Wage Act and because the Connecticut Supreme Court has held that § 31-72 is a mechanism to enforce existing wage obligations, and does not create one.

- Plaintiffs seek overtime pay for time spent passing through security.  (*Amended Complaint, ¶¶ 52-53*).  However, having taken the opportunity to amend the complaint, Plaintiff Del Rio still fails to allege that he worked overtime in any week during which he spent time exiting through security. As a result, the Court should dismiss his overtime claim.

- Plaintiff Meunier's claims also must be dismissed because they are barred by a general release that he signed while represented by Plaintiffs' counsel in this case.

For all of these reasons, the Court should dismiss the straight time claim as to all three Plaintiffs. The Court should dismiss the Complaint in its entirety as to Plaintiff Del Rio whose overtime claim also fails, and as to Plaintiff Meunier, whose claims are barred by his release, leaving only Plaintiff Delaroche's overtime claim.

II.     **STATEMENT OF PERTINENT FACTS**

A.      **February 27, 2020:  Plaintiff Meunier Signed A General Release.**

Plaintiffs Javier Del Rio, Colin Meunier and Aaron Delaroche were employed at Amazon

facilities in Windsor and North Haven, Connecticut. (*Amended Complaint, ¶¶ 8-10*).

Plaintiff Meunier's employment ended on July 10, 2019. (*Id.* at ¶ 9).  Over seven months

later, on February 27, 2020, he signed a Settlement Agreement and General Release ("Release"),

resolving a charge of discrimination against the Amazon entity that employed him—Amazon.com

Services LLC.  (*Confidential Declaration of Emily Kidder, dated September 1, 2021, Ex. A*).  In

the Release, Plaintiff Meunier agreed that he was not entitled to any additional compensation or

wages from Amazon:

> 4.  <u>WAGES AND/OR OTHER PAYMENTS</u> – Meunier represents and agrees
> that he is not entitled to any additional compensation or wages from Amazon or
> any of its respective subsidiaries, divisions, affiliated corporations, ....

(*Id., ¶ 4*). He further agreed to a broad general release of claims relating to his employment at

Amazon, promising that he:

> "releases and forever discharges Amazon [Amazon.com Services LLC] and each
> of its divisions, affiliates, parents, subsidiaries, and operating companies .... from
> any and all causes of actions, lawsuits, ... claims, and attorney's fees against the
> Released Parties, whether known or unknown, which Meunier ever had, now has
> or which Meunier ... may have prior to the date this Agreement is signed by
> Meunier, due to any matter whatsoever relating to Meunier's employment with
> Amazon or termination therefrom (collectively, the "Released Claims").  The
> Released Claims include, but are not limited to ... any claim that any of the released
> Parties violated any other federal, state or local statute, law, regulation ...; and any
> claim for costs, fees or other expenses including attorney's fees incurred in these
> matters."

(*Id., ¶ 6*). Plaintiff Meunier also agreed to a covenant not to sue Defendants with respect to these

Released Claims. (*Id., ¶ 9*).  In exchange, he received a settlement payment.  *Id.*, ¶ 1 (unredacted

Release submitted under seal).  He was represented by the same law firm representing Plaintiffs

in this case.  (*Id.*, ¶ 1).

**B.      July 27, 2021:  Plaintiffs Sued Defendants, Seeking Wages For Time Spent Exiting Through Security After Clocking Out.**

Despite having signed a General Release of claims arising out of his Amazon employment, on July 27, 2021, Plaintiff Meunier joined Plaintiffs Del Rio and Delaroche in filing a Complaint against Amazon alleging claims for unpaid wages. (*Complaint, Exhibit A to Notice of Removal, Dkt. No. 1, at 16-24*).  The undersigned counsel conferred with Plaintiffs' counsel, but he refused to voluntarily dismiss Plaintiff Meunier's claims, contending that the settlement agreement that his law firm negotiated on Meunier's behalf was an invalid release of a disputed claim for wages. Defendants filed a motion to dismiss the Complaint (*Dkt. No. 10*), but Plaintiffs re-allege the same claims in an Amended Complaint. (*Dkt. No. 25*).

## III.    LEGAL ARGUMENT

### A.      The Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the pleadings. *Harris v. Mills*, 572 F.3d 66, 71-72 (2d. Cir. 2009). As the United States Supreme Court has explained, the touchstone of a well-pleaded complaint is plausibility. *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 483 F. App'x 660, 661 (2d Cir. 2012) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such a requirement prevents a "plaintiff with a largely groundless claim [to] be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 550 U.S. at 558 *(internal quotations and citations omitted).*

Although a "court must accept as true all of the allegations contained in a complaint," that tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a plaintiff must do more than simply put forth "labels and conclusions;" as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Harris*, 572 F. 3d at 72; *Iqbal*, 556 U.S. at 678.  The factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  If plaintiffs have not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Twombly*, 550 U.S. at 570.

The Court typically is confined to the four corners of a complaint in considering a motion to dismiss, but it has discretion to consider matters outside the pleadings.  *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Sellers v. M.C. Floor Crafters*, Inc., 842 F.2d 639, 642 (2d Cir. 1988).  If the court choses to consider matters outside the pleading, the motion is treated as one for summary judgment under Rule 56.  FED. R. CIV. P. 12(d); *Kasiem v. Switz*, 756 F.Supp.2d 570, 575 (S.D.N.Y. 2010) (holding that formal notice of conversion was not necessary where defendants attached as exhibits to their motion the records and notified plaintiff that the court might treat the motion to dismiss as one for summary judgment). The Court has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion." *HB v. Monroe Woodbury Cent. Sch. Dist.*, 11 Civ. 5881 (CS), 2012 WL 4477552, at *4 (S.D.N.Y. Sept. 27, 2012) (quoting *Carione v. U.S.*, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005)).

**B.      Plaintiffs' Straight Time Claim Under Section 31-72 Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.**

Plaintiffs claim that Defendants violated the Connecticut Minimum Wage Act by failing to pay them for time exiting through security, and as a result are liable for straight time pay under C.G.S. §31-72.  (Amended Complaint, ¶¶ 50-51).  This claim fails for several reasons.

First, Section 31-72 exists to enforce wage agreements.  It provides for a civil action and

remedies "[w]hen any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k, ..."   Sections 31-71a to 71i address the timing, frequency and method of paying wages due, and Section 31-76k relates to payment of fringe benefits upon termination of employment.   As explained in *Geysen v. Securitas Sec. Servs. USA, Inc.*, 322 Conn. 385, 393-94 (2016), Section 31-72 does not create substantive rights to wages, but instead provides a statutory mechanism to enforce a wage agreement:

> "We have held that § 31-72 "does not embody substantive standards to determine the amount of wages that are payable but provides penalties in order to deter employers from deferring wage payments once they are accrued.  Section 31-72 is, therefore, a remedial statute rather than one creating independent substantive rights. [This] interpretation of § 31-72 supports the notion that the wage statutes, as a whole, do not provide substantive rights regarding how a wage is earned; rather, they provide remedial protections for those cases in which the employer-employee wage agreement is violated. The wage agreement is not dictated by the statutes; instead, it is the integrity of that wage agreement that is protected by the statutory provisions." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Mytych v. May Dept. Stores Co*., 260 Conn. 152, 162, 793 A.2d 1068 (2002). In other words, the Connecticut wage statutes "[do] not purport to define the wages due; [they] merely [require] that those wages agreed to will not be withheld for any reason." *Id.*, at 160, 793 A.2d 1068; *State v. Lynch, supra*, 287 Conn. at 472, 948 A.2d 1026."

*Id*. at 393-94.  Accordingly, Section 31-72 *only* provides a statutory enforcement mechanism to enforce wage agreements. It does not create a substantive right to wages.

Further, Section 31-72 does not provide another or different remedy for an overtime or minimum wage violation.  It only refers to providing remedy for violation of C.G.S. §§31-71a to 31-71i, inclusive of §31-76k, which govern the timing and method of wage payment and payment of fringe benefits upon termination of employment.  Nor would it make sense for it to do so.  The separate enforcement provisions for minimum wage and overtime violations are set forth in the Minimum Wage Act itself, in C.G.S. §31-68.

Even were Section 31-72 able to provide an extra remedy for violation of the Minimum Wage Act (which it does not)—there is no actionable claim for straight time pay for non-overtime hours ("gap time") under the Minimum Wage Act.  In *Lundy v. Catholic Health Sys. of Long Island Inc.,* 711 F.3d 106 (2d Cir. 2013), the plaintiff healthcare workers sought straight time wages for alleged off-the-clock work under the FLSA.  Their overtime claim was dismissed because they worked under 40 hours per week and failed to allege overtime in any given workweek.  They did not allege a minimum wage violation, but instead sought straight time pay for non-overtime hours worked.  The district court dismissed the claim, and the Second Circuit affirmed, holding that the FLSA does not provide for a gap time claim (even if the employee also works over 40 hours), reasoning that the FLSA requires only payment of minimum wage and overtime, and does not address gap time pay.  *Id.* at 116.  The Court cited its prior decision in *United States v. Klinghoffer Bros. Realty Corp.,* 285 F.2d 487, 494 (2d Cir. 1960), and explained that working off-the-clock hours was akin to a reduction in the average rate and as long as the average rate remained above the minimum wage, there was no violation of the FLSA.  *Id.*

Like the FLSA, the Connecticut wage and hour laws require employers to pay minimum wage and overtime pay, with no mention of an obligation to pay straight time for non-overtime hours. C.G.S. §§31-60, 31-76c.   Section 31-60 provides that "any employer who pays or agrees to pay an employee less than the *minimum fair wage or overtime wage* shall be deemed in violation of the provisions of this part."   C.G.S. §31-60.   Section 31-68 provides for remedies "[i]f any employee is paid by his or her employer less than the *minimum fair wage or overtime wage* to which he or she is entitled under sections 31-58, 31-59 and 31-60 or by virtue of a minimum fair wage order. . . ."  C.G.S. §31-68.   There is no mention of a duty to pay employees straight time wages for non-overtime hours.

6

"Minimum fair wage" is defined with reference to minimum hourly rates.  C.G.S. §31-58(i).  As discussed above, a minimum wage violation is shown if total compensation divided by all hours worked in a workweek amounts to less than the minimum wage.  The overtime obligation is to pay 1.5 times the regular rate for hours exceeding 40 in a workweek.  C.G.S. §31-76c; Regs. Conn. State Agencies §31-62-D2(c).  The "regular rate" is an average pay rate—all remuneration paid to the employee (with certain exceptions), divided by all hours worked.  C.G.S. §31-76b(1). There is no mention of an obligation to pay straight time for non-overtime hours under the "hours worked" definition in the overtime provisions.  Were there such a significant obligation, it would have been stated plainly, specifying the rate to be paid.  Indeed, where a different rule or rate applies, the regulations address it specifically—*e.g.* Regs. Conn. State Agencies §31-62-D2(d) (mercantile employees are entitled to four hours of reporting time pay at regular rate); Regs. Conn. State Agencies §31-62-D4 (setting forth method of computing pay rate for mercantile employees earning commission pay).  Instead, like the FLSA, the Connecticut wage and hour statutes set a floor below which weekly wages cannot fall—employees "shall be paid, weekly, wages not less than the minimum provided in this order. . . ."  Regs. Conn. State Agencies §31-62-D3.  Thus, Plaintiffs' claim for straight time wages (gap time) should be dismissed for failure to state a claim upon which relief can be granted.

### C.   Plaintiff Del Rio's Claim For Overtime Fails To State A Claim Upon Which Relief Can Be Granted.

Plaintiffs claim that Defendants are liable for unpaid overtime wages under C.G.S. § 31-68 for time spent after clocking out when they exited through security for their meal breaks and at the end of their shifts. (*Amended Complaint, ¶¶ 52-53*).  Section 31-76c requires employers to pay employees overtime at one and one-half times the employee's regular rate for any hours over forty

hours per week:

> **Sec. 31-76c. Length of workweek.** No employer, except as otherwise provided herein, shall employ any of his employees for a workweek longer than forty hours, unless such employee receives remuneration for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

C.G.S. § 31-76c; Regs. Conn. State Agencies §31-62-D2(c) ("Not less than one and one-half times the employee's regular hourly rate shall be paid for all hours in excess of 40 in any work week.")

Section 31-76c tracks the analogous overtime provision in the FLSA:

> Except as otherwise provided in this section, no employer shall employ any of his employees *who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce,* for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (italics added). The only part that differs is the italicized phrase stating that the FLSA's coverage is limited by the reach of the Commerce Clause, which has no applicability to a state statute. Courts have recognized that Section 31-76 "contains provisions that parallel the federal overtime pay requirements of the FLSA," and that the "Connecticut Supreme Court has indicated that federal precedent can be used to interpret Connecticut laws that are analogous to provisions contained in the FLSA." *Hendricks v. J.P. Morgan Chase Bank, N.A.*, 677 F. Supp.2d 544, 559-60 (D. Conn. 2009) (quoting *Roto-Rooter Services Co. v. Dep't of Labor*, 219 Conn. 520, 528 n.8, 593 A.2d 1386 (Conn. 1991)). *Accord Williams v. General Nutrition Centers, Inc.*, 326 Conn. 651 (2017) (noting that "Section 31-76c, which sets forth the overtime requirement, is nearly identical to the federal overtime statute, 29 U.S.C. § 207(a)(1)")

To state a claim for violation of the overtime provision in Section 207 of the FLSA, a plaintiff must allege work in excess of 40 hours in a workweek. In *Lundy, supra*, the plaintiff

healthcare workers claimed off-the-clock work in violation of the FLSA.  In successive complaints, they alleged that they were typically scheduled for less than 40 hours per week.  While they claimed off-the-clock work, they did not specifically allege that in any given workweek their total hours exceeded 40.  The employer moved to dismiss for failure to state a claim, and the Court ultimately granted the motion.  The U.S. Court of Appeals for the Second Circuit affirmed, holding that "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek, as well as some uncompensated time in excess of 40 hours."  711 F.3d at 114.  The Court reasoned that otherwise there would be no basis upon which to draw a reasonable inference that the defendant is liable for overtime:

> Section 207(a)(1) of FLSA requires that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated for that excess work "at a rate not less than one and one-half times the regular rate at which he is employed" (i.e., time and a half).  29 U.S.C. § 207(a)(1). So, to survive a motion to dismiss, Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours. Under Federal Rule of Civil Procedure 8(a)(2), a "plausible" claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citation omitted)).

*Id.* at 113-14; *accord Nakahata v. New York–Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 201 (2d Cir. 2013) (dismissing FLSA overtime claim because the plaintiffs alleged uncompensated work during meal breaks, training sessions, and extra shift time as evidence of an overtime violation, without showing how these instances exceeded 40  hours in a given week).

Here, even after Defendants specifically noted in their motion to dismiss the initial complaint Plaintiff Del Rio's failure to plead any weeks in which he worked overtime, Del Rio still fails to allege in the Amended Complaint that he worked overtime in any week during which he spent time exiting through security.  In this regard, the Amended Complaint is even more

threadbare than the complaints dismissed in *Lundy* and *Nakahata.* While Plaintiffs Meunier and Delaroche allege having worked some overtime, there is no information whatsoever provided about Plaintiff Del Rio's hours worked or any allegation that the alleged off-the-clock time exiting through security occurred in a workweek in which his total hours worked exceeded 40. (*Amended Complaint, ¶¶40-41*). Instead, he claims only that he spent uncompensated minutes when exiting through security at meal breaks and at the end of the workday. (*Amended Complaint at ¶¶ 30, 38*). This would be plainly insufficient to state a claim for failure to pay overtime under the FLSA, and thus also fails to state a claim for violation of Section 31-76c. Plaintiff Del Rio's overtime claim should be dismissed, and when coupled with the dismissal of the straight time claim as to all plaintiffs, the Amended Complaint should be dismissed in its entirety as to Plaintiff Del Rio.

### D.    Plaintiff Meunier's Claims Are Barred By His General Release.

#### 1.    The General Release Bars Plaintiff Meunier's Claims Here.

The Complaint should be dismissed as to Plaintiff Meunier because he signed a General Release that bars his wage claims. In Connecticut, it is a well-settled principle of law that "[a] release is a contract to which the ordinary rules of contract interpretation apply." *Lapuk v. Robert Simons,* No. PJR CV93 0704542S, 1995 WL 5633, at *13 (Conn. Supp. Jan. 3, 1995), *aff'd*, 41 Conn. App. 750, *cert. denied*, 239 Conn. 926 (1996). In this regard, it is a "general rule of contract construction that unambiguous contract provisions are to be given their plain meaning without reference to evidence outside the four corners of the agreement." *Sims v. Honda Motor Corp.*, 225 Conn. 401, 405 (1993). Moreover, where, as here, there is definitive contract language, the "'determination of what the parties intended by their contractual commitments is a question of law.'" *Levine v. Massey*, 232 Conn. 272, 277-78 (1995) (citing *Thompson & Peck, Inc. v. Harbor Marine Contracting Corp.*, 203 Conn. 123, 131 (1987) and *Mulligan v. Rioux*, 229 Conn. 716, 740 (1994)). A party is entitled to rely upon its written contract as the final expression of its rights and

duties. *Levine*, 232 Conn. at 279 (quotation omitted). "The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity" and "any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." *Id.* When the intention conveyed by the terms of an agreement is "clear and unambiguous, there is no room for construction." *Id.* at 278.

Here, with the advice of Plaintiffs' counsel in an arms-length negotiation, Plaintiff Meunier agreed to a broad general release to fully and finally resolve any employment disputes with Amazon, covering all claims, whether known or unknown, including those alleging violation of state law or regulation. *(Kidder Decl., Ex. A at ¶ 6)*. He agreed that "he is not entitled to any additional compensation or wages from Amazon. . . ." *Id. at ¶ 4.* He further agreed to a covenant not to sue with respect to the Released Claims. *Id., ¶ 9.* In exchange for these promises, he was paid a settlement payment. *Id.*, ¶ 1. The plain terms of the Release compel dismissal of Plaintiff Meunier's claims here. He has intentionally relinquished a known right sufficient to establish the defense of waiver. *Jenkins v. Indemnity Ins. Co.,* 152 Conn. 249, 257 (1964).

If the Court declines to consider Plaintiff Meunier's Release on a motion to dismiss, Defendants request that the court convert only this portion of their motion into a motion for summary judgment under Fed. R. Civ. P. 12(d) and 56, as there are no disputed material facts to resolve in assessing the impact of the Release on the claims alleged. Whether his wage claims fall within the scope of the Release is a pure question of law, to be resolved based on terms within the four corners of the agreement. *E.g. Dewey v. PTT Telecom Netherlands, U.S., Inc.*, 101 F.3d 1392, 1392 (2d Cir. 1996) (affirmed dismissal of employment claims based on knowing and voluntary release of claims under New York law, where district court converted motion to dismiss to summary judgment); *Long v. Corning Inc.*, 847 Fed. Appx. 74, 75 (2d Cir. 2021) (affirming

dismissal of employment claims barred by separation agreement).

> **2.     A Waiver Of Right To Bring A Claim Is Not An Invalid Release Of Disputed Wages Under § 31-72.**

Despite his representations that he was not entitled to any additional compensation or wages in the Release, Plaintiff Meunier now claims, with advice and counsel of the same law firm representing him here, that the Release he negotiated was an invalid release of disputed wages, citing C.G.S. §§ 31-71d and 31-72, which provide:

> **Sec. 31-71d. Payment where wages disputed.** (a) In case of a dispute over the amount of wages, the employer shall pay, without condition and within the time set by sections 31-71a to 31-71i, inclusive, all wages, or parts thereof, conceded by him to be due, and the employee shall have all remedies provided by law, including those under said sections as to recovery of any balance claimed.
>
> (b) The acceptance by any employee of a payment under this section shall not constitute a release as to the balance of his claim and any release required by an employer as a condition to payment shall be void.
>
> **Sec. 31-72. Civil action to collect wage claim, fringe benefit claim or arbitration award.** When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or . . . such employee . . . shall recover, in a civil action, (1) twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, . . . Any agreement between an employee and his or her employer for payment of wages other than as specified in said sections shall be no defense to such action. . . .

C.G.S. §§ 31-71d and 31-72.

Plaintiff Meunier is incorrect.  The Connecticut Supreme Court held in *Harty v. Cantor Fitzgerald & Co.*, 275 Conn. 72, 100 (2005), that the prohibition in Section 31-72 applies to agreements to pay wages in a way that departs from Sections 31-71a to 71i, but does not apply to the waiver of a right to pursue an action for wages.  In *Harty*, the employee prevailed on a wage claim in an arbitration proceeding against his employer and was awarded double damages and attorney's fees and costs under C.G.S. §31-72.  The employer moved to vacate the award, arguing that the arbitration agreement precluded an award of punitive or special damages, and this should

be interpreted as precluding the arbitrator's award of double damages and attorneys' fees under Section 31-72. The trial court rejected this argument, but on appeal, the Connecticut Supreme Court held that, while the agreement was ambiguous as to whether punitive damages included statutory double damages, the agreement did preclude an award of attorneys' fees because Connecticut common law provides that punitive damages are generally limited to attorneys' fees incurred by the plaintiff.

Importantly here, in so ruling, the Connecticut Supreme Court rejected the employee's argument that because the arbitration agreement precluded an award of punitive or special damages, it amounted to an invalid release of disputed wages under Section 31-72. *Id.* at 100. The Court reasoned that Section 31-72 addresses an agreement for the payment of wages, *not* an agreement to waive the right to pursue a claim for wages:

> The statutory prohibition is not directed at an agreement that ostensibly waives the right to pursue an action under it. The prohibition in § 31-72 is directed specifically at an agreement for the "payment of wages other than as specified" in certain statutes, ones that dictate the frequency, timing and method by which an employer must pay its employees. (Emphasis added.) *See, e.g.,* General Statutes § 31-71b (requiring weekly payment on regular payday); General Statutes § 31-71c (requiring payment of wages on next regular payday upon voluntary termination or suspension and on next business day upon discharge). Indeed, General Statutes § 31-71i provides the sole method for deviating from those requirements, authorizing the labor commissioner to waive, upon application by an employer, the prescribed timing for payment of wages. Thus, the statute simply bars an employer from raising as a defense to an action alleging wrongful withholding of wages under § 31-72 that the employee has executed a contract agreeing to a different method or timing of the payment of wages in  the absence of a waiver from the labor commissioner. Accordingly, the defendant is not barred by § 31-72 from asserting the employment agreement as a ground for vacating the award.

*Id.* at 100-101. *Harty* is dispositive here, and it precludes any argument that Plaintiff Meunier's release of the right to sue for wage claims is unenforceable as an invalid release of disputed wages.

To underscore the contrast, a prohibited release of disputed wages was at issue in *Lockhart v. NAI Elite, LLC*, No. HHD-CV-186098616, 2020 Conn. Super. LEXIS 913, at *12, 24-25 (Aug.

5, 2020).  In *Lockhart*, Lockhart's relationship with his employer soured, and they parted ways. In the process, the employer forced an agreement on Lockhart imposing new conditions before the employer would pay out Lockhart's final commissions.  The Superior Court found that "the defendants successfully exercised their position of economic power over the plaintiff in the negotiations, likely because he had significant, anticipated commissions at stake, ultimately amounting to approximately four times his earnings over the past two years" and therefore, the agreement amounted to an unenforceable waiver of disputed wages.

The current situation is completely different.  In contrast to the agreement in *Lockhart*, Plaintiff Meunier's Release is an enforceable release of a right to bring a claim—a settlement agreement similar to agreements executed by employees (or former employees) and employers every day.  Plaintiff Meunier's Release is akin to the arbitration agreement provision waiving punitive damages that was at issue in *Hardy*, which is dispositive here.  Plaintiff Meunier signed his Release more than seven months after the termination of his employment; advised by the very same law firm that represents him now, he represented and warranted that he had been paid all compensation to which he was entitled, that he had no wage claim against Amazon, and that he released and waived all claims arising out of his Amazon employment—including the wage claims he now purports to bring.  Plaintiff Meunier's Release is *not* an agreement that dictates the frequency, timing or payment of wages at all.  Indeed, Plaintiff Meunier specifically represented in the Release that he had been paid all of his wages.  Accordingly, Section 31-72 has no bearing here.

Moreover, even if Section 31-72 were to apply (which it does not), Plaintiff agreed and represented in the Release that he was not entitled to any additional compensation or wages—in other words, that he had no disputed wages. "It is axiomatic that a party is entitled to rely upon its

written contract as the final integration of its rights and duties." *Levine v. Massey*, 232 Conn. 272, 279 (1995).  Therefore, Section 31-72 is not implicated at all.  For all of these reasons, the Court should dismiss Plaintiff's Meunier's claims in their entirety.

## IV.    CONCLUSION

The Court should dismiss the straight time claim as to all Plaintiffs.  The Court should dismiss the Amended Complaint in its entirety as to Plaintiff Del Rio because his overtime claim fails, and as to Plaintiff Meunier because his claims are barred by his Release, leaving only Plaintiff Delaroche's overtime claim.

Dated:  October 4, 2021                              Respectfully submitted,

LITTLER MENDELSON P.C.

*Martha J. Keon*
Stephen Rosenberg (CT26601)
sprosenberg@littler.com
LITTLER MENDELSON P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone:     203.974.8700
Facsimile:      203.974.8799

Joshua B. Waxman (phv06588)
jwaxman@littler.com
LITTLER MENDELSON P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
Telephone:     202-842-3400
Facsimile:      202-842-0011

Martha J. Keon (phv20241)
mkeon@littler.com
LITTLER MENDELSON P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 29102.1321
Telephone:     267-402-3000
Facsimile:      267-402-3131

Joon Hwang (phv20254)
jhwang@littler.com
LITTLER MENDELSON P.C.
1650 Tysons Blvd., Suite 700
Tysons Corner, VA 22102
Telephone:    703-442-8425
Facsimile:    703-442-8428

ATTORNEYS FOR DEFENDANTS
AMAZON.COM SERVICES LLC,
AMAZON.COM.DEDC, LLC, and
AMAZON.COM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October 2021, the foregoing document was filed electronically through the CM/ECF system, which will electronically serve to the following counsel of record:

Richard E. Hayber, Esq.
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
rhayber@hayberlawfirm.com

*Attorney for Plaintiffs*

*/s/ Martha J. Keon*

Martha J. Keon

4824-7006-0029.4 / 096748-1003

16