# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JAVIER DEL RIO, COLIN MEUNIER,** | : | Civil Action No.: 3:21-cv-01152-KAD |
| and **AARON DELAROCHE**, on behalf | : | |
| of themselves and other similarly | : | |
| situated Employees | : | |
| Plaintiffs, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| **AMAZON.COM SERVICES, LLC.,** | : | |
| **AMAZON.COM.DEDC, LLC,** and | : | |
| **AMAZON.COM, INC.** | : | |
| Defendants | : | **SEPTEMBER 30, 2022** |

# PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT

I.      **INTRODUCTION**

Defendants' Opposition is based on four specific misleading statements. First, Defendants write that "[d]iscovery has closed for Defendants[.]" *Opp.*, pg. 1. In fact, the Court granted the parties' ***joint*** motion to extend pre-class certification discovery until November 1, 2022. Plaintiffs do not object to Defendants conducting additional discovery if necessary.

Second, Defendants argue that "the dispositive and class certification motion deadlines are approaching." *Opp.*, pg. 1. In fact, the court has now pushed back these deadlines by sixty (60) days. Defendants' motion for summary judgment is not due on December 6, 2022.

Third, Defendants claim that Plaintiffs only now "are seeking to add claims for time spent walking to security screening, time spent walking to and retrieving things from lockers after going through security, and time spent exiting the facility…" *Opp.*, pg. 1. In fact, Plaintiffs initially pled that "Defendants have not paid Plaintiffs and the class for the time elapsed between the conclusion of their shifts, and the conclusion of the above screening process." ECF No. 1, pg. 20, para. 22 (Original Complaint). This allegation includes walking time and is not limited solely to time spent in line. *See*, *Anderson v. Mt. Clemens Pottery Co.*, in which the Supreme Court held that 2 to 12 minutes of walking time was compensable, 328 U.S. 680, 690-91 (1946).

Finally, Defendants write that they are prejudiced by this proposed amendment. In fact, Defendants were put on notice of these claims by the original Complaint and by Plaintiff DeLaroche when he testified that he was claiming all time that he and the class were required to remain on the premises. Depo. Tr. of Aaron Delaroche, pg. 125 ("Q: Okay. So it's your view that anywhere after you clock out, the time spent from clocking out to leaving the facility should be paid time. Is that -- do I correctly describe your view of what compensable time is? A: Yes."), relevant pages attached as **Exhibit A**. Plaintiffs' motion should be granted.

## II. REPLY ARGUMENTS

### a. *Plaintiffs Established Good Cause for their Amendment*

Defendants argue that "Plaintiffs' motion for leave to amend the Complaint for a second time fails to adequately account for their lengthy delay in alleging new claims which are based on facts and information that they have known for more than a year – a delay that is nothing short of dilatory." *Opp.*, pg. 8. Defendants claim that Plaintiffs knew of the facts underlying their "new claims" before filing the complaint. *Id.* at pg. 10 ("It is beyond argument that Plaintiffs have not been diligent and have not met their burden, given that the facts underlying their attempted expansion of this case were known to them even before suit was filed in July 2021."). The Court should reject this argument.

First, Plaintiffs are not "alleging new claims" as Defendants write. Plaintiffs alleged in their First Amended Complaint that Defendants "required" the class "to remain on the premises" from when they clocked out through when they "badged" out to exit the facility. "Defendants prohibited Plaintiffs and the class from *leaving the facility* until they have successfully completed the entire security screening process." ECF No. 25, para. 28 (emphasis added).

Plaintiffs' First Amended Complaint alleged that the time spent necessarily walking to the security screenings and from the security screening to the exit was compensable:

> ***Defendants have not paid Plaintiffs and the class for the time elapsed between the conclusion of their shifts, and the conclusion of the above screening process***.

ECF No. 25, para. 30 (emphasis added).

Plaintiffs' claim that the time spent walking to the security screenings and to the exit is not "new." Plaintiffs' amendment to the complaint simply spells out that allegation more clearly going forward.

2

Defendants were put on notice that Plaintiffs were alleging that their walking time was compensable over a year ago. In their September 2021 amendment, Plaintiffs specifically added a citation to *Mt. Clemens Pottery Co.* ECF No. 25, para. 1 which held that walking time was compensable. Plaintiffs' original complaint did not plead *Mt. Clemens* as legal support for their claims. *See generally* ECF No. 1, pgs. 17-23 (Notice of Removal, including Plaintiff's initial class action complaint). The holding of *Mt. Clemens* is relevant because Connecticut's definition of hours worked, C.G.S. Sec. 31-76b(2)(A) is similar to the language of *Mt. Clemens*.[1]

Second, Plaintiffs did not "delay" in filing the most recent motion to amend. Plaintiffs did not move to amend the complaint to allege "new facts" that they knew from the onset of the litigation or assert a new cause of action governed by a different statute. Plaintiffs moved to amend the complaint within two (2) weeks of the Delaroche deposition during which it became clear that the defense team took a narrow view of the pleadings based on its questioning of Mr. Delaroche. *See* Depo. Tr. of Aaron Delaroche, pgs. 120-129, Ex. A.[2] Defendants questioned Delaroche to "clarify" his allegations, and Delaroche clarified that he was claiming that "all time spent from clocking out of the time clock to leaving the Amazon facility" was compensable:

Q:  *So I just -- the reason I'm asking these questions is because it's your complaint.*

A:  *Right.*

Q:  *And you're the one bringing the claims here. So I need to understand what your claims are. That's the purpose of why we're having this deposition.*

A:  *Right.*

---

[1] *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25-26 (2005) (In *Mt. Clemens*, "we held that the time necessarily spent by employees walking from the timeclocks near the factory entrance gate to their workstations must be treated as part of the workweek."; citing 328 U.S. at 691-92).

[2] In support of their arguments, Defendants wrote that Plaintiffs chose "to engage in the fiction that they learned (unspecified) things from Delaroche and the 30(b)(6) depositions and acted promptly thereafter." *Opp.*, pg. 10. Plaintiffs had not received Mr. Delaroche's transcript from the court reporter when they filed their initial motion. Plaintiffs supplement the record now in Reply.

3

Q: *And so what I'm trying to make clear – **and maybe you can clarify this**. So even though your complaint says that you're seeking compensable time that's spent going through security, you're saying here today that your claims are more than that and they encompass all time spent from clocking out of the time clock to leaving the Amazon facility?*

*MR. HAYBER: Objection to the form of the question. Calls for a legal conclusion. You can answer it if you understand.*

A: *I guess I would say then yes.*

*Id.* at 128-29 (emphasis added), Ex. A.

Plaintiffs' proposed amended complaint clarifies what Mr. Delaroche testified to at his deposition: that he is suing for all time the class is required to remain on the premises. This amendment conforms the pleadings to Mr. Delaroche's testimony. "An amendment of the pleadings is particularly warranted where a party wants to conform its pleadings to evidence learned in discovery, as this 'ensures that the pleadings reflect the issues actually discovered and litigated during the case.'" *Carey v. Salvadore*, 2022 WL 903223, at *3 (W.D.N.Y. Mar. 11, 2022) (quoting *Grand Light & Supply Co. v. Honeywell*, 771 F.2d 672, 680 (2d Cir. 1985)).

Accordingly, the Court should conclude that Plaintiff has established good cause and justified any delay in moving to amend the complaint.

### b. Defendants Have Not Established "Substantial Prejudice"

Defendants argue that "[t]he lengthy delay here carries another effect: substantial prejudice to Defendants." *Opp.*, pg. 11. The court should reject this argument because Defendants have not shown that they have suffered "substantial prejudice."

Defendants claim that they are prejudiced because "discovery is closed for Defendants with Defendants having premised their legal defense on the claims alleged, and having developed evidence and arguments to support their motion for summary judgment and their opposition to class certification accordingly." *Id.* Defendants are mistaken.

4

First, Defendants were on notice of Plaintiffs' claims that Defendants required the class to remain on the premises from clock out to swipe out. As discussed above, Plaintiffs pled *Mt. Clemens* as the legal support for their theory of the case in their First Amended Complaint. Additionally, Plaintiff conducted discovery on their claims that Defendants require the class to "remain on the premises" from clock out to swipe out. Plaintiffs sent document requests to Defendants seeking documents to prove the amount of time it takes for class members to leave the building after clocking out. Plaintiffs asked for the "swipe in and out data for the Plaintiffs." **Exhibit B**, pg. 15 (Request for Production No. 3). Plaintiffs asked for the "clock in and out times" of the class. *Id.* at pg. 23 (Request for Production No. 14), Ex. B. Plaintiffs asked for "copies of all exit swipe data recording the time when Plaintiffs and class members exited the building after clocking out and passing through security check points." *Id.* at pg. 24 (Request for Production No. 16), Ex. B. The purpose of asking for the "clock out" data and "swipe" and "exit" data is to calculate the time from when employees clock out through when they leave the building. The "swipe out" and "exit swipe" data are only relevant if there is time the class is required to remain on the premises *after* completing the security screenings. Defendants did not object to producing the "swipe out" data or "exit swipe" data on the grounds that they were irrelevant to the claims in this case.[3]

Second, Defendants conducted discovery on Plaintiffs' claims. The only deposition Defendants took before Plaintiffs moved to amend was Mr. Delaroche's. Defendants' counsel questioned Aaron Delaroche extensively about the basis of his claims. Mr. Delaroche's

---

[3] Defendants did object to Request for Production No. 16, claiming that it sought "information that [was] not relevant to the subject matter of the this litigation … insofar as it [sought] information regarding: (1) locations other than where Plaintiffs worked, (2) locations at which the alleged security screening did not take place, and (3) time periods during which the alleged security screening had been discontinued." Defendants did not claim that the "exit swipe" data was irrelevant to the extent that it applied to the class members at BDL2 and BDL3.

deposition transcript contains two-hundred and seventeen (217) pages of actual testimony. Defendants questioned him about walking to the security screening after clocking out and leaving after clocking out. Exhibit A, pgs. 78-79. Defendants questioned him about the lockers at his facility, including their location, when and why he used them, how other employees used them, and the allege compensability of that time. *Id.* at pgs. 44-45, 55, 58-60, 88-90, 93-94, 96, 100-101, 103, 106, 140, 210-211, Ex. A. At pages 120 to 129, Defendants questioned Mr. Delaroche about his complaint specifically to "clarify" the allegations. During that questioning, he clearly testified that he was suing for all time from clocking out through exit:

Q: Okay. So it's your view that anywhere after you clock out, the time spent from clocking out to leaving the facility should be paid time. Is that -- do I correctly describe your view of what compensable time is?

A: Yes.

*Id.* at pg. 125, Ex. A.

At that point, Defendants were roughly halfway through Mr. Delaroche's deposition. The defense continued questioning Mr. Delaroche, now armed with full knowledge of the claims he was making. Defendants then deposed Mr. Meunier after Plaintiff moved to amend the complaint with the knowledge of the claims he was making and a copy of Plaintiffs' proposed Second Amended Complaint. If Defendants believe that they need to conduct additional questioning of Mr. Delaroche, Plaintiffs will present him for a continued deposition.[4]

Third, Defendants do not articulate what "substantial prejudice" they suffered. Defendants must show what "significant additional resources to conduct discovery or prepare for

---

[4]Defendants correctly point out the court did not bifurcate merits discovery until after class certification as Plaintiffs erroneously wrote in their initial brief. *See Opp*. pg. 12 ("Indeed, the only limitation that the Court set forth concerning discovery was that 'initial discovery is limited to the extent that it shall not include discovery of information regarding class damages or discovery of information that will only be germane if Plaintiffs' class is ultimately certified.'"). It was a mistake to write that discovery was bifurcated. The undersigned misread ECF No. 43 which said that pre-class certification shall be completed by June 30, 2022. The undersigned missed the remainder of the order when preparing this motion.

6

trial" they will incur because of the proposed amendment. *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) ("In determining what constitutes "prejudice," we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; …").

Defendants do not explain what discovery they would need to do to defend against Plaintiffs' claims. Defendants do not explain what discovery they would have done, but did not do, if they were "aware" of Plaintiffs' claims from the onset. Defendants do not explain what additional discovery is necessary to develop the factual record regarding the procedure the class goes through from clocking out to exiting the building. Defendants' 30(b)(6) witness confirmed that all class members must clock out, walk to the security lines, undergo security, and then walk to the exit at each facility. Depo. Tr. of Melissa Slavik, pgs. 14-16, 27-29, 40-57 (testifying about the procedures from clock out through swipe out at BDL2 and BDL3), relevant pages attached as **Exhibit C**. Defendants do not explain why they cannot move for summary judgment on December 6, 2022 against Plaintiffs' claims with the evidence in the record. Whether the time the class spent walking from the punch clocks to the security screenings, going through security, and then walking to the exits is time Defendants "required them to remain on the premises" is a legal question. In sum, Defendants have not shown that they suffered "undue" prejudice.

Defendants write that "[c]ourts in this Circuit have repeatedly found prejudice and rejected eleventh hour requests to amend the pleadings where the parties have already completed discovery and ***are at*** the summary judgment stage." *Opp.*, pg. 11 (citing *inter alia Werking v. Andrews*, 529 Fed. App. 94, 96 (2d Cir. 2013); emphasis in the original). Defendants are mistaken. Courts do not find "prejudice" just because a deadline to move for summary judgment is approaching as Defendants write. Rather, those cases stand for the proposition that courts "are

7

particularly likely to find prejudice where the parties have already completed discovery and the defendant *has moved* for summary judgment." *Werking*, 526 Fed.Appx. at 96 (collecting cases).

The cases Defendants cite are distinguishable from this case. In each case, the defendant ***had already moved*** for summary judgment and the movant was attempting to fundamentally change the litigation through their proposed amendment.

In *Werking*, the Second Circuit affirmed denial of the plaintiff's motion to amend the pleadings filed after the defendant moved for summary judgment. *Id.* at 97. The plaintiff's proposed amendments would have altered his legal theory, turn the case into a class action, assert that the defendant had an unconstitutional policy or custom, and add a new plaintiff and a new defendant. *Id.* at 96. In *Ansam Assoc., Inc. v. Cola Petroleum, Ltd.*, the Second Circuit affirmed denial of another motion to amend the pleadings to allege additional facts to its fraud claims after the defendant moved for summary judgment. 760 F.2d 442, 446 (2d. Cir. 1985). In that case, the plaintiff's "new claims" "concerned a different period of time and were derived from a different statute. … 'the proposed fraud claims allege an entirely new set of operative facts of which cannot be said that the original complaint provided fair notice.'" *Id.*

In *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, the Second Circuit denied a motion to amend the pleadings to "inject a new legal theory" into a three-year-old case, filed several months after the defendant moved for summary judgment. 626 F.3d 699, 725-27 (2d Cir. 2010). The Court noted that the impact of the new claims would have been substantial because the existing summary judgment record consisted of thousands of pages. *Id.* at 727. Finally, in *Krumme v. Westpoint Stevens, Inc.*, the Second Circuit affirmed denial of a defendant's motion for leave to amend to assert a counterclaim of legal malpractice and breach of contract against the plaintiff, who was an attorney filed in February 1996. 143 F.3d 71, 87-88 (2d Cir. 1998). The

attempted amendment was based on facts known to the defendant since 1989 and would have required a "new wave of discovery" and would have substantially delayed resolution of the case, which had been pending for seven years, [5] which was nearing its conclusion. *Id.*

Here, the facts are different. Defendants have not moved for summary judgment. Defendants' deadline to file for summary judgment is over two months away. Plaintiffs are not "injecting" a new legal theory, or attempting to add a new party or assert a new cause of action arising under a different statute. If Defendants need additional discovery, Plaintiffs do not object.

Accordingly, the court should conclude that Defendants are not unduly prejudiced by the granting of Plaintiffs' motion.

### c. *Plaintiffs' Proposed Amendment is Not "Futile"*

Defendants argue that the Court should deny Plaintiffs' proposed amendment because it is "futile." *Opp.*, pgs. 13 – 14. Defendants claim that Plaintiffs' proposed amendment is "futile" because 1) "Plaintiff Meunier's general release…[,]" 2) "all of the reasons set forth in Defendants' pending motion to dismiss the First Amended Complaint[,]" and 3) because Plaintiff

---

[5] It is not entirely clear from the Second Circuit's opinion whether the plaintiff moved for summary judgment before the defendant moved to amend. The District Court, in its order denying the defendant's motion for leave to amend, also granted summary judgment to the plaintiff. *See Krumme v. West Point-Pepperell, Inc.*, 1996 WL 257633, *1 (S.D.N.Y. May 15, 1996). The district court did not state which motion was filed first, but denied the motion for leave to amend based on its very late filing in a long-running lawsuit:

> ***This dispute has dragged through the courts for seven years***, consuming an entirely disproportionate amount of judicial time and energy. The number of opinions generated in the *Allen, Krumme* and *Barefoot* cases is a testament to this disturbing fact and is only the tip of the iceberg. *See Allen v. WestPoint-Pepperell, Inc.,* 945 F.2d 40 (2d Cir. 1991); *Allen v. WestPoint-Pepperell, Inc.,* 1996 WL 2004 (S.D.N.Y. Jan. 3, 1996); *Allen v. West Point-Pepperell, Inc.,* 908 F. Supp. 1209 (S.D.N.Y. 1995); *Allen v. West Point-Pepperell, Inc.,* 848 F. Supp. 423 (S.D.N.Y. 1994); *Allen v. WestPoint-Pepperell, Inc.,* 1991 WL 8505 (S.D.N.Y. Jan. 25, 1991); *Krumme v. West Point-Pepperell, Inc.,* Order of April 19, 1990 (S.D.N.Y.); *Barefoot v. West Point-Pepperell, Inc.,* 635 N.Y.S.2d 226 (1st Dep't 1995); *Barefoot v. West Point-Pepperell, Inc.,* Order of September 28, 1994 (N.Y. Co. Sup. Ct.).

*Id.* at *1 (emphasis added).

Delaroche "admitted that time spent in the locker room was not compensable because it was not required[.]" The court should reject each grounds.

"[A] proposed amendment "is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because the standard on a motion for leave to amend is the same as that on a Rule 12(b)(6) motion to dismiss, "the Court cannot consider facts outside the pleadings in considering the futility of an amendment." *A. ex rel. A. v. Hartford Bd. of Educ.*, 2012 WL 3887020, at *4 (D. Conn. Sept. 6, 2012).

Defendants moved to dismiss Plaintiffs' First Amended Complaint on October 04, 2021. ECF No. 37. In that motion, they argued that the Court should dismiss the case because Plaintiff Meunier signed a general release, and that Plaintiffs cannot sue for straight time wages under Connecticut law. The court should reject those arguments here for the same reasons as it should deny their motion to dismiss. *See* ECF No. 39 (Plfs' Opp. to Defs.' Motion to Dismiss).

Defendants also claim that Aaron Delaroche "admitted" that time spent in locker rooms is not compensable, therefore, Plaintiffs' proposed amendment failed. The court should reject this argument because Mr. Delaroche is not a lawyer. His answer to a question that calls for a legal conclusion is not binding on him or the class. Further, Plaintiffs have established facts establishing that this time is compensable. Depo. Tr. of Colin Meunier, pgs. 212-13, 235-36, relevant pages attached as **Exhibit D**.

Accordingly, the court should conclude that Plaintiffs' motion is not futile.

### III.  CONCLUSION

For the foregoing reasons, and those contained in Plaintiffs' Motion to Amend, the court should grant Plaintiffs' Motion to Amend the Complaint.

**Plaintiffs JAVIER DEL RIO, COLIN MEUNIER, and AARON DELAROCHE, on behalf of themselves and all other similarly situated individuals**

By:   /s/ *Thomas J. Durkin*
     Thomas J. Durkin, Esq.
     Fed. Bar No. (CT30371)
     Hayber, McKenna & Dinsmore, LLC
     750 Main Street, Suite 904
     Hartford, CT 06103
     Tel: (860) 522-8888
     Fax: (860) 218-9555
     TDurkin@hayberlawfirm.com
     Attorney for Plaintiffs

**CERTIFICATION**

I hereby certify that a copy of the foregoing was sent via regular and/or electronic mail on **September 30, 2022**, to the following counsel and *pro se* parties of record:

Stephen Rosenberg
Joshua B. Waxman
Joon Hwang
Martha J. Keon
LITTLER MENDELSON P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone:    203.974.8700
Facsimile:     203.974.8799
sprosenberg@littler.com
jwaxman@littler.com
jhwang@littler.com
mkeon@littler.com

/s/ *Thomas J. Durkin*
Thomas J. Durkin